■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRISCO DAWKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered February 26, 1988, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Joy, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress the defendant's statement to the police, physical evidence, and identification testimony.

Ordered that the judgment is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress statements made to the police, physical evidence, and

lineup identification testimony are granted, and a new trial is ordered.

The charges against the defendant stem from an incident which occurred during the early morning hours of September 20, 1986, at an Amoco gasoline station located at 108th Street and Astoria Boulevard in Queens County. According to the complainant Autmanand Singh, he had run out of gas while driving his car from the Van Wyck Expressway onto Northern Boulevard and had walked to the station to fill up a container. He was standing in a telephone booth prior to walking back to his vehicle. A car driven by a man whom he subsequently identified as the defendant pulled up and one of the occupants of the car offered to take him to his destination for $5. The complainant stated that he refused to get into the car, which contained three men and a woman, at which time the man who had offered him a ride snatched three gold chains from his neck. A struggle ensued, during which the other two men in the car, one of whom was the defendant, exited the vehicle and threatened him with a baseball bat if he did not release their companion. The complainant acceded to their wishes, and, after having relieved him of some change and another item of jewelry, the men got back into the vehicle and drove off. The defendant, in a postarrest statement to the police, stated that the complainant was drunk when he encountered him at the gasoline station and that he started a fight with one of the passengers in his car, claiming that the passenger had some of his money. The defendant stated that he simply made both men leave his car by brandishing a bat, and then left the scene.

The defendant was convicted following a jury trial of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the fourth degree with respect to his possession of the bat, and was sentenced to 4 to 12 years' imprisonment for robbery in the first degree, 3 to 9 years' imprisonment for robbery in the second degree, and six months' imprisonment for criminal possession of a weapon in the fourth degree, those terms of imprisonment to run concurrently. This appeal ensued.

The defendant contends that the police lacked probable cause to arrest him, and thus the fruits of his arrest should have been suppressed. We agree.

The only witness to testify at the suppression hearing was Detective Sheldon Wasserman, the arresting officer, who stated that on the morning of the incident he spoke with the complainant, who indicated that the assailants were black

males in their late teens or early twenties, of medium height and build, and that they had been traveling in a blue Chevrolet bearing New York license plate number WPF 213. Wasserman thereafter learned that the defendant was the registered owner of the vehicle, and left a message with the defendant's guardian asking the defendant to contact him. That afternoon, the defendant returned Wasserman's call, and the next day the defendant voluntarily appeared at the precinct, at which time he was immediately arrested.

We cannot agree with the hearing court's determination that Detective Wasserman possessed probable cause to believe that the defendant committed the crime in question at the time he arrested the defendant. "It is axiomatic that an officer may only seize and take into custody an individual when the officer has probable cause to believe that the person has committed a crime" *(People v Diaz,* 131 AD2d 690, 694; *see also, People v De Bour,* 40 NY2d 210; *People v Cantor,* 36 NY2d 106). "While probable cause does not require the same quantum of proof necessary to warrant a conviction *(People v Bigelow,* 66 NY2d 417, 423; *People v McRay,* 51 NY2d 594, 602; *People v Miner,* 42 NY2d 937, 938), it does require the existence of facts and circumstances which, viewed together, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense has been or is being committed" and that the person arrested was the perpetrator thereof *(People v White,* 117 AD2d 127, 131). Such proof simply does not exist at bar.

While clearly the police had reasonable cause to believe that the car registered to the defendant was involved in the incident, the only indication that Detective Wasserman had that the defendant was in the car at that time was that he apparently fit the very vague description of one of the perpetrators that Wasserman had received from the complainant. It has consistently been held that such general descriptions are not sufficient to constitute reasonable suspicion *(see, People v Stewart,* 41 NY2d 65, 69; *People v Perez,* 125 AD2d 419, 420; *People v Skrine,* 125 AD2d 507, 508; *People v White, supra,* at 131), let alone the more stringent standard of probable cause *(see, People v Hicks,* 68 NY2d 234, 239). Moreover, the defendant's cooperation in returning Detective Wasserman's call and voluntarily presenting himself at the precinct was certainly not consistent with his having participated in the alleged crime *(see, People v Carrasquillo,* 54 NY2d 248, 254). Thus, we cannot conclude that the defendant's immediate arrest upon his arrival at the precinct was supported by

probable cause to believe that he had committed a crime, and the evidence obtained as a result of that illegal arrest, that is, the defendant's statement, the baseball bat, and the lineup identification of the defendant by the complainant, should have been suppressed (see, People v Johnson, 66 NY2d 398, 407). Accordingly, the defendant is entitled to a new trial, prior to which the People shall be given the opportunity to establish that the complainant's in-court identification of the defendant was not "acquired by exploitation of the arrest but by means sufficiently distinguishable from it to be purged of illegality" (supra, at 407; see generally, People v Martinez, 37 NY2d 662).

In light of the foregoing, we decline to reach the defendant's remaining contention. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.