■ The People of the State of New York, Respondent, v Charles Burress, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered April 24, 1989, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 4½ to 9 years, unanimously affirmed.

Defendant has failed to establish a prima facie showing that the prosecutor exercised his preemptory challenges in a purposefully discriminatory manner to exclude blacks from the jury in this case, where defendant was charged with the sale of drugs to an undercover police officer. *(See, Batson v Kentucky,* 476 US 79; *People v Jenkins,* 145 AD2d 225, *mod* 75 NY2d 550.) The People exercised only nine out of 15 peremptory challenges. While eight of these nine challenges were against black jurors, the prosecutor did *not* challenge eight black jurors. Of these eight, the defense challenged five, leaving three black persons on the jury.

While the prosecutor made several inappropriate comments during summation the court adequately " 'dissipated the prejudice by promptly and clearly advising the jury that the comments were improper and must be completely

disregarded' ". *(People v Wood,* 66 NY2d 374, 381.) We note that the court immediately issued extensive curative instructions to the jury after each improper comment, until the entire summation was struck. At the time the court instructed the jury to only consider the evidence in the case and not the prosecutor's summation.

We have reviewed defendant's final argument that the trial court gave a favorable opinion of the Assistant District Attorney and denigrated defense counsel thereby undermining defendant's right to effective counsel. *(People v De Jesus,* 42 NY2d 519, 523-524.)

The court did not unduly or improperly inject himself into the proceedings or display a partiality to one side. The court's role is not that of an observer. Rather, the court must keep the evidence within the confines of the issues *(People v Jamison,* 47 NY2d 882; *People v Moulton,* 43 NY2d 944). In this case the court intervened infrequently and did not exceed its supervisory role. Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.