■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered May 12, 1988, convicting him of criminal sale of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the police lacked probable cause to arrest him. Recently, in *People v Dawkins* (163 AD2d 322, 324), this court stated: " 'It is axiomatic that an officer may only seize and take into custody an individual when the officer has probable cause to believe that the person has committed a crime' *(People v Diaz*, 131 AD2d 690, 694; *see also, People v De Bour*, 40 NY2d 210; *People v Cantor*, 36 NY2d 106). 'While probable cause does not require

the same quantum of proof necessary to warrant a conviction *(see, People v Bigelow,* 66 NY2d 417, 423; *People v McRay,* 51 NY2d 594, 602; *People v Miner,* 42 NY2d 937, 938), it does require the existence of facts and circumstances which, viewed together, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense has been or is being committed' and that the person arrested was the perpetrator thereof *(People v White,* 117 AD2d 127, 131)".

The record reveals that an undercover officer gave a prerecorded $10 bill to an individual, described by him as "a male Hispanic, approximately 35 years old, thin build with a mustache, short hair, wearing grey pants, a faded blue dungaree jacket [and] underneath * * * a purple hooded sweatshirt", in exchange for a vial of crack-cocaine. After receiving a radio transmission describing the suspect and apparently mentioning that he wore eyeglasses, the police field team observed the defendant, about one hour after the drug sale had occurred, standing on a corner one block away from the site of the drug sale. The defendant was wearing a purple hooded sweatshirt, a faded dungaree jacket, grey pants, brown shoes and eyeglasses. He was arrested and found to be in possession of two glassine envelopes containing heroin and the prerecorded $10 bill given to the suspect by the undercover police officer. Despite the passage of one hour between the sale and the defendant's subsequent arrest, the specificity of the description, coupled with the defendant's proximity to the crime scene and his appearance, which was almost a perfect match with the radio description, constituted "facts and circumstances which, viewed together" could have led the arresting officer to conclude that the defendant perpetrated the drug sale *(see, People v Dawkins, supra).*

We have examined the defendant's remaining contention and find it to be without merit. Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.