THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RHONDA COATES, Appellant.—Judgment of the Supreme Court, New York County (Leon Becker, J.), rendered on October 5, 1988, convicting defendant, after a trial by jury, of grand larceny in the fourth degree and sentencing her, as a predicate felon, to an indeterminate term of imprisonment of 1½ to 3 years, unanimously affirmed.

On April 28, 1988, defendant and a codefendant stole a wallet. They were observed doing this by police officers who were members of a pickpocket squad. Before trial, a *Sandoval* hearing was held. The court limited inquiry to the fact of six convictions and the underlying charges as to three of those convictions.

During the trial, at which defendant did not testify, defendant's sister, called as the only defense witness, volunteered that defendant had gone to prison "many a time." The court gave immediate curative instructions, telling the jurors to ignore the statement, and questioned each juror, individually, to make sure they could follow the court's instructions.

On appeal, defendant argues that the court's *Sandoval* ruling was in error, and that she was prejudiced by the reference to her past criminal history. We do not agree. The *Sandoval* ruling reflected an appropriate exercise of discretion and the fact that defendant chooses to "specialize" in particular types of criminal behavior does not insulate her from inquiry on cross-examination *(People v Mingues,* 165 AD2d 774). Any prejudice arising from the further spontaneous reference to defendant's criminal history by defendant's sister,

the only defense witness, was dissipated by the prompt curative instructions issued by the trial court *(People v Burress,* 164 AD2d 825). Concur—Ross, J. P., Milonas, Asch, Ellerin and Rubin, JJ.