■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY CHAMBERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Brien, J.), rendered June 19, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the police lacked probable cause to arrest him. The arresting officer received a radio transmission from an undercover officer with whom he had worked in the past, telling him that the undercover officer had purchased two vials of crack cocaine at the

corner of 205th Street and Linden Boulevard. The suspect was described as "a male black wearing a white T-shirt that had red letters and light blue pants". The police field team observed the defendant within 30 seconds of the transmission at that exact location. The defendant matched the undercover officer's description of the seller of the drugs. When an officer approached the defendant while displaying his badge, the defendant ran. He was apprehended a block away and placed under arrest. After being positively identified by the undercover officer, the defendant was searched and found to be in possession of two vials of crack cocaine and a prerecorded $10 bill given to him by the undercover officer. The specificity of the description, together with the defendant's location at the crime scene, his match with the radio description, and his flight constituted " 'facts and circumstances which, viewed together' " *(People v Rivera,* 166 AD2d 678, 679, quoting *People v Dawkins,* 163 AD2d 322, 324) could have led the arresting officer to reasonably conclude that the defendant perpetrated the drug sale *(see, People v Rivera, supra; People v Dawkins, supra).*

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.