■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS JAVIER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered January 4, 1989 convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

We disagree with the defendant's contention that the police lacked probable cause to arrest him. Probable cause requires the existence of facts and circumstances which, when viewed together, would lead a reasonable person, possessing the same expertise as the arresting officer, to conclude that an offense has been or is being committed and that the person to be arrested is the perpetrator thereof (see, People v Rivera, 166 AD2d 678; People v Dawkins, 163 AD2d 322; People v White, 117 AD2d 127; see also, People v De Bour, 40 NY2d 210). In this case, the arresting officer testified that he received a radio transmission from an undercover officer indicating that a sale of narcotics had just been completed. The seller was described as a male Hispanic, wearing a dark jacket, with a moustache, and a stocky build. Further, the arresting officer was informed that the seller was standing on the corner of 148th Street and Lowe Court. The arresting officer testified that when he arrived at that corner within one minute of the radio transmission he observed the defendant who matched the description, and that no one else at the corner matched that description. Under these circumstances, we find that there was a sufficient basis for the hearing court to conclude that the defendant's arrest was based on probable cause (see, e.g., People v Rivera, supra; People v Mercado, 117 AD2d 627; People v Chamberlain, 114 AD2d 966; People v Arnette, 111 AD2d 861).

Viewing the evidence in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that the evidence adduced at trial was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We find no merit to the defendant's contention that he was deprived of the effective assistance of counsel. A claim of ineffective assistance of counsel may not be premised solely upon defense counsel's unsuccessful employment of a trial strategy (see, People v Baldi, 54 NY2d 137).

Nor do we find that the prosecutor's remarks during summation deprived the defendant of a fair trial. Assuming, arguendo, that the prosecutor's remarks were improper, the trial court directed the jury to disregard the remarks in question and issued curative instructions (see, People v Ashwal, 39 NY2d 105; see also, People v Santiago, 52 NY2d 865; People v Williams, 46 NY2d 1070; People v Santiago, 155 AD2d 628; People v Burress, 164 AD2d 825). Bracken, J. P., Kooper, Miller and O'Brien, JJ., concur.