■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DeSANTIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered August 29, 1980, convicting him of rape in the first degree, sodomy in the first degree, assault in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hellenbrand, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence at the suppression hearing established that the police officers had probable cause to arrest him. The testimony established that the officers knew that there had been a series of rapes and robberies in the Bay Ridge section of Brooklyn committed by a single perpetrator described as a white male, 25 to 30 years old, between five feet five inches and five feet eight inches tall, with a stocky build, weighing between 175-180 pounds, having bushy brown hair, a mustache, and glasses, who drove a blue station wagon with brown trim. Additionally, the officers had viewed a sketch of the suspect approximately five hours before the defendant was arrested. The officers were on patrol when they observed a blue station wagon with brown trim approximately 10 blocks away from the area where the crimes occurred. The officers observed the defendant driving this vehicle and determined that he matched the description of the suspect appearing in the sketch.

We find that the specificity of the complainants' descriptions, coupled with the defendant's proximity to the crime scene, and his appearance, which closely resembled the sketch, constituted "facts and circumstances which, viewed together" would lead a reasonable person having the same expertise as the arresting officer to conclude that the defendant was the perpetrator of the various crimes which occurred in Bay Ridge *(see, People v Rivera,* 166 AD2d 678, *see, People v Dawkins,* 163 AD2d 322). Harwood, J. P., Lawrence, Eiber and Balletta, JJ., concur.