■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER ANDERSON DOUGLAS, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Kramer, J.), both rendered September 22, 1989, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 8675/88, and attempted criminal possession of a controlled substance in the third degree under Indictment No. 4349/89, upon his pleas of guilty, and imposing sentences. The appeal under Indictment No. 8675/88 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments are affirmed.

On appeal, the defendant contends that the hearing court erred in finding that his arrest for criminal sale of a controlled substance in the third degree was supported by probable cause. We disagree. The testimony presented at the suppression hearing establishes that on the afternoon of September 7, 1988, an undercover officer purchased narcotics from an individual on the second floor of an apartment building. After the transaction was completed, the undercover officer radioed a description of the seller to the members of his backup team, who were parked in a van about a block away. The under-

cover officer described the seller as a "male black, about twenty to twenty-five years old", who was of "medium height, about five six". The undercover officer further noted that the suspect had a beard and mustache, and was wearing white sneakers, gray pants, a white sweatshirt, and a blue cap. A "couple of minutes" after receiving this description, the backup officers arrived at the apartment building, and the arresting officer observed the defendant, who matched the description of the suspected seller, standing in front of the building. Although there were "a couple" of pedestrians in the vicinity of the apartment building, the defendant was the only individual who matched the description of the seller. When the arresting officer approached the defendant and identified himself as a police officer, the defendant fled inside the apartment building, where he was apprehended on the roof after a brief pursuit.

Contrary to the defendant's contention, we find that the specificity of the description transmitted to the arresting officer, coupled with the defendant's proximity to the crime scene and his appearance, which closely matched the description of the individual who had just sold narcotics to the undercover officer, constituted "facts and circumstances which, when viewed together", would lead a reasonable person having the same expertise as the arresting officer to conclude that the defendant had perpetrated the drug sale (*People v Javier*, 175 AD2d 182; *see also, People v Acevedo*, 181 AD2d 596; *People v Rivera*, 166 AD2d 678; *People v Harrington*, 163 AD2d 327). Accordingly, the hearing court properly denied suppression of the evidence recovered from the defendant's person upon his arrest.

Further, since the defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree under Indictment No. 4349/89 with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that his sentence was excessive (*see, People v Kazepis*, 101 AD2d 816). In any event, the defendant's negotiated sentence was neither unduly harsh nor excessive (*see, People v Delgado*, 80 NY2d 780). Mangano, P. J., Rosenblatt, O'Brien and Copertino, JJ., concur.