■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR FERNANDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered May 3, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the court erred in denying that branch of his motion which was to suppress physical evidence is without merit. The arresting officer testified that he received a radio transmission from the undercover officer that a man with a bicycle described as Hispanic, five feet, five

inches tall, 170 pounds, wearing a black tank top, black biker shorts with a pin stripe, and white shoes, was involved in a sale of narcotics. A few minutes later, while on his way to the location of the narcotics sale, the arresting officer received a second transmission that the suspect was on a particular street corner. The arresting officer testified that, upon his arrival at the street corner, he observed the defendant, who had a bicycle and who matched the description provided by the undercover officer. Under these circumstances, a reasonable person, possessing the same expertise as the arresting officer, would conclude that an offense had been committed and that the defendant was the perpetrator *(see, e.g., People v Javier,* 175 AD2d 182; *People v Rivera,* 166 AD2d 678; *see also, People v Carrasquillo,* 54 NY2d 248; *People v De Bour,* 40 NY2d 210). Thus, the officer had probable cause to arrest the defendant. The defendant's contention that the People were required to produce the undercover officer as a witness at the suppression hearing is unpreserved for appellate review *(see, People v Weston,* 56 NY2d 844; *People v Taylor,* 172 AD2d 784) and, in any event, is without merit *(see, People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852).

The defendant's remaining contention is without merit. Thompson, J. P., Sullivan, O'Brien and Santucci, JJ., concur.