■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSEY GREENBERG, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Green-

berg, J.), both rendered June 9, 1989, convicting him of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, and criminal possession of a weapon in the third degree, under Indictment No. 9393/88, upon a jury verdict, and criminal possession of a controlled substance in the seventh degree, under Indictment No. 9497/88, upon a jury verdict, and imposing sentences. The appeal from the judgment rendered upon Indictment No. 9393/88 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence seized from the defendant.

Ordered that the judgments are affirmed.

The defendant was indicted under two separate indictments in connection with his sale of drugs to undercover officers on two occasions, one occurring on September 23, 1987, and another occurring on November 11, 1987. We do not agree with the defendant's claim that the hearing court erred in finding that there was probable cause for his arrest after the second sale. The determination of the hearing court, which had the advantage of seeing and hearing the witnesses, should not be set aside unless clearly unsupported by the record *(see, People v Prochilo,* 41 NY2d 759, 761). Here, the defendant sold a quantity of heroin to an undercover officer during a so-called "buy and bust" operation. The undercover officer promptly transmitted the defendant's description to the arresting officers, who arrived at the defendant's building minutes later. One of the officers saw a man fitting the defendant's description running down to the basement, exiting the building, and climbing into a ground floor apartment window. The defendant was not placed under arrest until after he voluntarily left the apartment and was positively identified by the undercover officer in front of the apartment building. We find that the arresting officers properly relied on the description of the defendant given by the undercover officer, and that the record supports the hearing court's determination that there was probable cause for the defendant's arrest *(see, People v London,* 160 AD2d 734).

Further, the record also demonstrates that the police searched the defendant's apartment following his arrest with the consent of his wife, who lived in the apartment. Accordingly, the evidence seized from the apartment was properly admitted into evidence *(see, People v Cosme,* 48 NY2d 286, 290; *People v Matus,* 166 AD2d 464).

The defendant's remaining contentions, including those

raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Pizzuto and Santucci, JJ., concur.