■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO HERNANDEZ, Appellant. [603 NYS2d 170] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered October 29, 1991, convicting

him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kramer, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's motion to suppress physical evidence was properly denied as the record supports the hearing court's determination that there was probable cause for his arrest. The arresting officer testified that he received a radio transmission in which the undercover officer stated that he had purchased two glassine envelopes of heroin at a particular location from a Hispanic man with a mustache and beard, 25 to 30 years old, wearing a gray jacket, black pants, and black shoes. The arresting officer arrived at that location less than three minutes later and saw the defendant, who was the only person there who fully fit the description. Under these circumstances, a reasonable person, possessing the same expertise as the arresting officer, would conclude that an offense had been committed and that the defendant was the perpetrator (see, e.g., People v Fernandez, 185 AD2d 944; People v Javier, 175 AD2d 182; People v Ivory, 160 AD2d 730). The defendant's contention that the evidence was insufficient to establish probable cause because the police officer did not specifically testify as to the defendant's appearance at the time of his arrest is unpreserved for appellate review. In any event, under these facts, we find that contention to be without merit (cf., People v Dodt, 61 NY2d 408, 415-416).

During the trial, defense counsel advised the court that his supervisor had observed one of the jurors sleeping during his cross-examination of a prosecution witness and requested that the juror be replaced with an alternate. While a juror who has not heard all of the evidence is grossly unqualified to render a verdict (see, People v South, 177 AD2d 607; People v Valerio, 141 AD2d 585), we find that there is an insufficient basis on this record to conclude that the juror, who wore dark glasses, was actually asleep for a portion of the testimony. The defendant contends on appeal that the court should have conducted an inquiry of the juror. However, we note that the defendant did not accept the court's offer to speak to the juror separately. The court thereafter admonished the jurors to pay attention and to ask for a recess if they were getting tired, and there was no further complaint regarding this juror's conduct during the trial. Under the circumstances, we find

that the court did not err in denying the defendant's request to excuse the juror.

The defendant's contention that the court's interested witness charge was improper is unpreserved for appellate review as he failed to object to the charge as given *(see, People v Wilson,* 154 AD2d 566). In any event, although the charge was improper, as the People concede *(see, People v Ochs,* 3 NY2d 54; *People v Whitmore,* 123 AD2d 336), in view of the overwhelming evidence of the defendant's guilt we find that the error was harmless beyond a reasonable doubt.

The defendant's remaining contentions are unpreserved for appellate review or without merit. Rosenblatt, J. P., Lawrence, O'Brien and Ritter, JJ., concur.