■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SONIA PEGRAM, Appellant. [610 NYS2d 291] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered September 11, 1991, convicting her of criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the police lacked probable cause to arrest her. Probable cause requires the existence of facts and circumstances which, when viewed together, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense has been or is being committed and that the person to be arrested is the perpetrator of the crime *(see, People v Oden,* 36 NY2d 382, 384; *People v Fernandez,* 185 AD2d 944, 945; *People v Javier,* 175 AD2d 182). "When an arresting officer has acted on the basis of a radio bulletin from a fellow officer who has personal knowledge of the facts transmitted, the reliability of the information conveyed may be presumed" *(People v Brown,* 184 AD2d 647). In this case, the arresting officer received a radio transmission from an undercover officer who had just purchased narcotics from the defendant on the corner of Prince Street and Roosevelt Avenue in Queens. The transmission described the defendant as a "female black, wearing a white shirt with blue stripes, blue jeans and white shoes" and her alleged supplier as "a female black wearing a red skirt [a] yellow shirt * * * red shoes * * * and earrings". The arresting officer testified that he and the other members of the backup team approached the corner of Prince Street and Roosevelt Avenue within minutes of the radio transmission and observed that the two women matched the descriptions they had just received. Significantly, no other people were standing on the corner. Under these circumstances, there was a sufficient basis for the hearing court to conclude that the defendant's arrest was based on probable cause *(see, People v*

*Fernandez,* 185 AD2d 944, *supra; People v Javier,* 175 AD2d 182, *supra; People v Rivera,* 166 AD2d 678, 679).

The defendant's remaining contention is without merit. Bracken, J. P., Lawrence, Copertino and Florio, JJ., concur.