■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SKINNER, Appellant. [612 NYS2d 419] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered June 11, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's suppression motion was properly denied as the record supports the hearing court's determination that there was probable cause for his arrest. Indeed, on this record, we conclude that a reasonable person, possessing the same expertise as the arresting officer, would have concluded that an offense had been committed and that the defendant was the perpetrator (see, People v Hernandez, 198 AD2d 299; People v Fernandez, 185 AD2d 944).

In addition, the trial court properly sealed the courtroom during the testimony of an undercover officer. Prior to the closing of the courtroom, the court conducted an inquiry wherein it was established that the purchase of narcotics occurred at 150th Street and Beaver Road, Queens, the undercover officer had worked in that neighborhood during the two weeks immediately prior to the defendant's trial, and he would be returning to that neighborhood in his undercover capacity. Further, the undercover officer testified that if his identity was to become known, his safety would be in jeopardy. Under the circumstances, the trial court did not improvidently exercise its discretion in closing the courtroom during the undercover police officer's testimony (see, People v Kin Kan, 78 NY2d 54).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.