◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD WILLIAMS, Also Known as HAROLD BROWN, Appellant. [613 NYS2d 211] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered July 2, 1992, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and criminal facilitation in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that judgment is affirmed.

We reject the defendant's contention that the arresting officer did not have probable cause to arrest him. A police officer is authorized to arrest a person when he has reasonable cause to believe that the person has committed a crime, whether in the officer's presence or not (CPL 140.10 [1] [b]). At the suppression hearing, the arresting officer testified that on the date of the defendant's arrest, the officer was assigned to work with a team of officers conducting an undercover investigation into the street-level sale of narcotics. Minutes before the arrest, he received a radio communication from the undercover officer in which the undercover officer indicated that he "made a positive buy"—meaning that he purchased narcotics —from two males. The undercover officer gave the arresting officer a description of the perpetrators which included their clothing, race, height, weight, and location. When the arresting officer arrived at that location, he saw the defendant and his codefendant, both of whom fit the undercover officer's description. He stated that when he approached the pair, he received a second radio communication from the undercover officer indicating that they "are the two individuals he had the transaction with". He immediately placed the defendant and the codefendant under arrest, whereupon he searched them and found three packets of heroin and $195 in United States currency, which included $20 of prerecorded money, on the defendant's person. Currency and drugs were also recovered from the codefendant. The record clearly supports the hearing court's determination that there was probable cause for the defendant's arrest *(see, People v Greenberg,* 187 AD2d 528; *People v Douglas,* 185 AD2d 895).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.