■■■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GREGORY SILAS, Respondent. [631 NYS2d 916] —Appeal by the People from an order of the Supreme Court, Queens County (Berke, J.), dated July 6, 1994, which granted that branch of the defendant's omnibus motion which was to suppress physical evidence and dismissed the indictment.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the indictment is reinstated.

Under the circumstances presented, the defendant did not establish standing to seek suppression of the narcotics recovered by a police officer from behind a garbage dumpster situated on a public sidewalk. The hearing testimony evinced that the defendant was on a street corner for at least five minutes when a marked police vehicle drove past his location. As the police vehicle passed the defendant, he walked approximately 15 feet to a garbage dumpster and placed an object behind the dumpster before returning to his original position. Unbeknownst to the defendant, he was under the observation of an undercover police officer. The undercover officer immediately walked over and looked behind the dumpster and found only one object there, a rolled-up brown paper bag containing 41 vials of crack cocaine. The defendant was thereupon placed under arrest. The defendant subsequently moved to suppress "the evidence seized from him" as the product of an "illegal" search and seizure. However, the defendant's claim of standing is not supported by the record, which does not evince that the defendant had a personal, legitimate expectation of privacy in a brown paper bag found behind a garbage dumpster on a public sidewalk *(see, People v Whitfield,* 81 NY2d 904, 906; *People v Wesley,* 73 NY2d 351, 357; *People v Goodwine,* 177 AD2d 708).

In any event, the defendant is not entitled to suppression of the subject narcotics. The undercover police officer was well within her authority to investigate the area behind the garbage dumpster and determine the nature of the item. Contrary to the Supreme Court's determination, the undercover officer had

probable cause to arrest the defendant upon the recovery of the narcotics from behind the dumpster. Given the absence of any other object behind the dumpster, it appeared more probable than not that the defendant had criminally possessed the subject narcotics *(see, People v Carrasquillo,* 54 NY2d 248, 254). Indeed, under the circumstances, a reasonable person possessing the undercover's expertise would have reached the same conclusion *(see, People v Skinner,* 204 AD2d 664; *People v Hernandez,* 198 AD2d 299).

Accordingly, the Supreme Court erred in granting that branch of the defendant's omnibus motion which was to suppress evidence seized from him and in dismissing the indictment as being based on legally insufficient evidence. Further, we see no reason to dismiss this indictment in furtherance of justice *(see,* CPL 210.40). Sullivan, J. P., Rosenblatt, Thompson and Ritter, JJ., concur.