THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MCKETHAN, Appellant. [640 NYS2d 570]

Contrary to the defendant's argument on appeal, there was probable cause for the police to effect a warrantless arrest of the defendant. It is well settled that probable cause to arrest exists when the facts and circumstances, viewed together, would lead a reasonable person, possessing the same expertise as the arresting officer, to conclude that an offense was committed and that the person arrested was the perpetrator (*see, People v Carrasquillo,* 54 NY2d 248; *People v Javier,* 175 AD2d 182; *People v Rivera,* 166 AD2d 678).

In the course of their investigation of the crime, the police obtained a detailed description of the murder suspect and of the victim's distinctively colored suede jacket. The description was then relayed to police officers of the Port Authority Bus Terminal, where police reasonably believed the suspect might go. The following day, a man matching the description and carrying a jacket resembling the victim's jacket was seen by police near the Port Authority Bus Terminal. Under these circumstances, there was probable cause to believe that the defendant had committed the crime for which he was arrested (*see, People v Bigelow,* 66 NY2d 417; *People v Carrasquillo, supra*).

The defendant's remaining contentions in his supplemental *pro se* brief are either without merit or involve matters outside the record which cannot be considered on direct appeal from

the judgment of conviction (see, *People v Colon,* 138 AD2d 392). O'Brien, J. P., Santucci, Altman and Goldstein, JJ., concur.