■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN MILLS, Appellant. [660 NYS2d 992] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated February 6, 1995 (*People v Mills,* 212 AD2d 550), affirming a judgment of the Supreme Court, Kings County, rendered March 12, 1992.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Copertino, J. P., Thompson, Pizzuto and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVAN MOORE, Appellant. [660 NYS2d 46] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered November 16, 1995, convicting him of criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that there was no probable cause to arrest him. An experienced police officer saw two transactions within moments of each other, each of which involved the defendant receiving money in exchange for a small object in an area known for narcotics activity. Additionally, these activities took place after 1:00 A.M. in very cold weather, making it suspicious that the defendant was standing outside. Upon seeing the police, the defendant ran into an apartment building in an attempt to flee. Under the totality of the circumstances, the officer was clearly justified in concluding that a crime had been committed (*see, People v Martinez,* 80 NY2d 444; *People v Bigelow,* 66 NY2d 417, 423; *People v Bittner,* 97 AD2d 33).

The defendant's remaining contention is without merit. Thompson, J. P., Joy, Altman and Florio, JJ., concur.