■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BAKER, Appellant. [664 NYS2d 111] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered June 26, 1995, convicting him of attempted burglary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion that were to suppress identification testimony, a statement made by him to police, and physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied those branches of the

defendant's omnibus motion which were to suppress identification testimony, a statement made by him to police, and physical evidence since there was probable cause for the defendant's arrest for criminal trespass (*see, People v Carrasquillo,* 54 NY2d 248, 254; *People v McKethan,* 225 AD2d 800).

The defendant's claim that his guilt was not proven by legally sufficient evidence is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Here, the evidence overwhelmingly supported the People's contention that the rear courtyard to the church where the defendant was discovered was closed to the public at 12:30 A.M. (*see, People v Ayuso,* 204 AD2d 472). Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.