■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL REIMONENQ, Appellant. [688 NYS2d 214] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Schulman, J.), rendered April 1, 1997, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree under Indictment No. 11797/95, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court (Golia, J.), rendered June 19, 1997, revoking a sentence of probation previously imposed, by the same court, under Indictment No. 2514/92, upon a finding that he had

violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of attempted burglary in the second degree. The appeals bring up for review the denial, after a hearing (Golia, J.), of that branch of the defendant's omnibus motion under Indictment No. 11797/95 which was to suppress physical evidence.

Ordered that the judgment and amended judgment are affirmed.

We agree with the hearing court that the police, under the totality of the circumstances, had probable cause to arrest the defendant, and find that the defendant's motion to suppress the evidence recovered was properly denied (*see, People v Jones,* 90 NY2d 835; *People v Moore,* 240 AD2d 762). The record before the hearing court established that an experienced police officer observed the defendant engage in a transaction wherein he retrieved a bag of what appeared to be crack cocaine from a nearby fence post, exchanged it for money, and then, upon hearing the sirens of a police vehicle, attempt to flee. Moreover, when the defendant left the area, he relinquished any reasonable expectation of privacy he had concerning the area (*see, People v Silas,* 220 AD2d 467). After the defendant left the area, and prior to his arrest, the police officer recovered the crack cocaine from the fence post. Accordingly, the police were clearly justified in arresting the defendant.

The court properly revoked the defendant's sentence of probation (*see, People v Britton,* 158 AD2d 932).

The sentences imposed were not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Altman, J. P., Friedmann, McGinity and Luciano, JJ., concur.