■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY WILLIAMS, Appellant. [721 NYS2d 806] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered November 24, 1998, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Vaughan, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The People established at the hearing that the police had probable cause to arrest the defendant based on the testimony of a backup officer involved in a so-called "buy and bust" operation. That officer testified that he received a radio transmission from an undercover officer of a "positive buy" together with a description of the seller and his location. The seller was described as a heavy-set black male, wearing a blue raincoat, blue jeans, and white sneakers. Minutes later, the officer arrested the defendant, who fit the description, approximately one block from the location of the drug transaction. None of the other individuals present at the location matched the undercover officer's description (*see, People v Ketcham,* 93 NY2d 416; *People v Maldonado,* 86 NY2d 631, 635-636; *People v Allison,* 270 AD2d 148; *People v Pegram,* 203 AD2d 391). The defen-

dant's contention that the description provided by the undercover officer was too meager to support a finding of probable cause is without merit (*see, People v Ketcham, supra; People v Pegram, supra*). The hearing court thus properly denied the defendant's motion to suppress evidence recovered from his person. O'Brien, J. P., Krausman, Florio and Schmidt, JJ., concur.