dant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered January 27, 2000, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant's former drug addiction, criminal history, and explanations of his prior arrests, which were fully explored before the jury, did not render his testimony incredible as a matter of law (*see, People v Butler,* 221 AD2d 458; *People v Walker,* 215 AD2d 607; *People v Harris,* 215 AD2d 586). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Prudenti, P.J., O'Brien, Friedmann and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXIS PINEDA, Appellant. [738 NYS2d 234] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered April 21, 1999, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

It is well settled that "[t]he determination of the hearing court, which had the advantage of seeing and hearing the witnesses, should not be set aside unless clearly unsupported by the record" (*People v Greenberg,* 187 AD2d 528). Contrary to the defendant's contention, the determination of the hearing court should not be set aside since the People established that there was probable cause to arrest him (*see, People v Fernandez,* 185 AD2d 944).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Florio, J.P., Feuerstein, O'Brien and Adams, JJ., concur.