| People v Rivera |
| :---: |
| 2023 NY Slip Op 34728(U) |
| April 3, 2023 |
| Supreme Court, Westchester County |
| Docket Number: Ind. No. 22-71987-002 |
| Judge: Robert A. Neary |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

D +o only
TR



FILED
AND
ENTERED
ON 4 - 3 - 2023
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

          - against -                         <u>DECISION AND ORDER</u>

MARCO RIVERA,                            Ind. No. 22-71987-002

                          Defendant.
-------------------------------------------------------------------X

NEARY, J.

      The following constitutes the opinion, decision and order of the Court:

      The defendant has been indicted for the crimes of Operating as a Major

Trafficker, Criminal Possession of a Controlled Substance in the First Degree and Criminal

Possession of a Controlled Substance in the Third Degree.  It is alleged that on or about February

2, 2022,  the defendant did possess, on one or more occasions within a six (6) month period,

narcotic drugs having a value in excess of Seventy-five Thousand Dollars ($75,000.00).

The defendant claiming to be aggrieved by the improper or unlawful acquisition of evidence has moved to suppress a statement allegedly made by him on February 2, 2022 near 50 Nepperhan Avenue in Yonkers on the ground that the statement was involuntary and made without the benefit of the *Miranda* warnings.

The defendant further seeks suppression of certain items of physical evidence contending they were seized pursuant to an unlawful arrest that lacked probable cause.

The People must establish the voluntariness of the statements attributed to the defendant beyond a reasonable doubt before they are admissible at trial.

Before any physical evidence seized incident to arrest may be suppressed, the defendant must establish the illegality of his arrest by a preponderance of the evidence. The People must preliminarily demonstrate that the arrest of the defendant was based upon reasonable and probable cause.

By decision of the Hon. George E. Fufidio dated January 10, 2023, pre-trial *Huntley, Dunaway, Mapp* and *Sandoval* hearings were ordered. On March 30, 2023, a combined hearing was held to address the *Huntley, Dunaway* and *Mapp* issues. The *Sandoval/Ventimiglia* hearing was adjourned until April 17, 2023 immediately before trial.

At the hearing, the People called as a witness Drug Enforcement Agent Bruce Clift. The Court finds the testimony of the People's witness to be candid, plausible and fully credible. The defense presented no witnesses and offered no evidence.

This Court makes the following Findings of Fact and Conclusions of Law:

[* 2]

## FINDINGS OF FACT

Over several months during 2022, members of a joint Federal and New York Police Department Task Force, including Drug Enforcement Agency Agent Bruce Clift, conducted physical and video surveillance of Marco Rivera and his two (2) co-defendants, Christian Miranda and Mark Figueroa. The investigation centered around an apartment located within 50 Nepperhan Street, a multi-family building in Yonkers, New York. Cameras in the garage and common hallway near Apartment Number 1907 captured the above threesome frequently entering and leaving the apartment and garage. The parking space and apartment were apparently registered to fictitious individuals. Marco Rivera was observed on occasion to be carrying bags and suitcases into and out of the premises.

The defendants were often seen traveling in either a Chevrolet Suburban vehicle or a Chevrolet Equinox sedan registered to Marco Rivera. During the course of the surveillance, the Suburban switched license plates at least twice.

On August 8, 2022 at about 3:00 P.M., Marco Rivera and Christian Miranda were observed leaving the apartment and entering the Suburban. They traveled only a short distance before Christian Miranda, carrying a black bookbag, exited the Suburban and entered a blue Toyota Corolla sedan operated Mark Figueroa. After Christian Miranda departed the area, Task Force members stopped and searched the Corolla discovering four (4) bricks of what appeared to Agent Clift to be cocaine. At the scene of the Corolla stop, Mark Figueroa stated in substance to Agent Clift that he must have been set up because he only expected two (2) kilos for Forty-five Thousand Dollars ($45,000.00).

[* 3]

Police, including Agent Clift, returned to 50 Nepperhan Street and waited for Marco Rivera and Christian Miranda to exit Apartment 1907 which they did at about 8:30 P.M. As Christian Miranda and Marco Rivera stepped off the elevator into the lobby, they were approached by Agent Clift and other officers. At that point, Marco Rivera muttered the word "Diablo" and reached into his pocket. Agent Clift, concerned that Marco Rivera might be reaching for a weapon, interrupted him and removed two (2) cell phones and car keys from the pocket. When asked if he spoke English, Marco Rivera stated, in substance, that he only speaks a little English.

Christian Miranda and Marco Rivera were arrested and a search warrant for Apartment 1907 issued at 9:35 P.M. led to the recovery of additional bricks of what appeared to be cocaine.

## CONCLUSIONS OF LAW

### *Huntley* Issue

The defendant's statement that he only spoke a little English does not on its face appear to be inculpatory. Nor was it prompted by any question or gesture designed to evade the *Miranda* requirement. The defendant's response to the question whether he spoke English is akin to pedigree information obtained from a suspect and qualifies as an exception to the *Miranda* rule. [See *People v. Rodney*, 85 NY2d 289 and *People v. Velazquez*, 33 AD3d 352].

The defendant's uttering the word "Diablo" appears to be a spontaneous surprise reaction at being approached by officers as the elevator doors opened. It was not in response to

any police inquiry nor prompted by any police misconduct. [See *People v. Rivers*, 56 NY2d 476, 479 quoting *People v. Maerling*, 46 NY2d 289, 302-303].

The People have met their burden of establishing the voluntariness of the defendant's above two (2) statements beyond a reasonable doubt.

### *Mapp* Issue

The arrest of suspected high level drug traffickers is understood to be the type of transaction that may give rise to sudden violence or frantic efforts to hide or conceal evidence. Therefore, Agent Clift's grabbing of the defendant's hand as he reached into his pocket must be viewed in that light. The agent credibly articulated a reasonable basis of fear for his safety and that of his fellow officers when he removed the defendant's hand from his pocket before reaching in to recover keys and two (2) cell phones. [See *People v. Torres*, 74 NY2d 224]. The defendant has failed to establish the illegality of his arrest by a preponderance of the evidence. Accordingly, the keys and cell phones recovered from his pocket at the time of his arrest are not subject to suppression. [See *People v. Spann*, 82 NY3d 1014].

### *Dunaway* Issue

Clearly, once a significant amount of packaged cocaine was discovered inside Apartment 1907, there existed probable cause to arrest the defendant. However, even before the discovery of the drugs in the apartment, there was reasonable and probable cause for police to detain and arrest the defendant.

The probable cause standard is a non-mechanical concept that deals with the factual and practical considerations of everyday life on which reasonable and prudent men and women, not legal technicians, act. [See *Maryland v. Pringle*, 54 US 366, 370]. What is required is simply, a reasonable ground for belief of guilt. It is a probability, not a certainty, or even a *prima facie* case. [See *Illinois v. Gates*, 462 US 213, 235].

New York Courts have recognized that an arrest need not be supported by information and knowledge that at the time points directly to the defendant's guilt beyond a reasonable doubt and excludes all possibility of innocence. Rather, probable cause rests on probabilities not certainty. [See *People v. Bigelow*, 66 NY2d 417]. For probable cause to exist, the conclusion must be one that a reasonable person, possessing the same expertise, training and experience as the arresting officer, would reach. [See *People v. Silas*, 220 AD2d 467]. It is the synthesis of all the information gleaned by the investigator from any number of sources that links the defendant to the alleged crime. A police officer may draw inferences based upon his or her own experiences and training in determining whether probable cause exists.

Here, the defendant was observed over a period of months in the company of two (2) individuals who had just engaged in a large drug transaction. In fact, four (4) hours before his arrest, he dropped co-defendant Miranda off at the scene of a large drug exchange. Indeed, the defendant traveled with Christian Miranda to the location where two (2) bricks of cocaine were recovered inside Mark Figueroa's car. That connection, plus observations of the defendant moving bags and suitcases freely into and out of an apartment rented by a fictitious person while

traveling in the Suburban bearing suspicious plates, would certainly appear to a trained narcotics investigator to bear the hallmarks of some involved in the illicit drug trade.

Agent Clift was trained at the Drug Enforcement Agency Academy to recognize the color, texture and packaging of narcotic drugs and methods employed by those who traffic in such contraband. He had participated in over twenty-five (25) prior narcotics investigations and was far more qualified than even the average police officer to evaluate the defendant's actions that to a lay person might appear ambiguous.

Based upon the unique facts and circumstances of this case, and viewing the evidence in the light most favorable to the People, the Court finds there was reasonable and probable cause for the arrest of the defendant.

This constitutes the opinion, decision and order of this Court.

**The parties are directed to appear on Monday, April 17, 2023 before this Court prepared to commence jury selection. Counsel is directed to avoid any litigation that would prevent an appearance before this Court on the above date.**

Dated: White Plains, New York
      April 3, 2023

                                                ROBERT A. NEARY
                                        SUPREME COURT JUSTICE

[* 7]

Christopher Clark
Assistant District Attorney
Westchester County
Office of the District Attorney
Richard J. Daronco Courthouse
111 Martin Luther King Blvd.
White Plains, New York 10601
cclark@westchesterda.net

Douglas G. Rankin, Esq.
Law Office of Douglas G. Rankin
Attorneys for Defendant
175 Pearl Street, Suite 213
Brooklyn, New York  11201
dgrankinlaw@gmail.com