| People v Grant |
| --- |
| 2023 NY Slip Op 34717(U) |
| December 21, 2023 |
| Supreme Court, Westchester County |
| Docket Number: Ind. No. 23-71202-001 |
| Judge: Robert A. Neary |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

FILED
DEC 2 1 2023
COUNTY OF WESTCHESTER

FILED
AND
ENTERED
ON _12-21-_20_23_
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

- against -                                                          DECISION AND ORDER

AKEEM GRANT,                                                Ind. No. 23-71202-001

                                       Defendant.
-----------------------------------------------------------------X

NEARY, J.

The following constitutes the opinion, decision and order of the Court:

The defendant has been indicted for the crimes of Murder in the Second Degree, Criminal Possession of a Weapon in the Second Degree, Arson in the Third Degree and Tampering with Physical Evidence.. It is alleged that on or about April 6, 2023 the defendant did fatally shoot Tamani Turner in the City of Mount Vernon, New York.

The defendant seeks to exclude certain identification testimony from several civilian witnesses on the ground that the two (2) video and three (3) single photograph identifications were improper and unduly suggestive.

The defendant further seeks suppression of certain items of physical evidence contending they were seized pursuant to an unlawful arrest that lacked probable cause.

The People have the burden of going forward to show the pre-trial identification procedure was not constitutionally impermissible. The defendant, however, bears the burden of establishing by a preponderance of the evidence that the procedure was impermissible.

If the procedure is shown to be impermissible, the People have the burden of showing by clear and convincing evidence that the prospective in-court identification testimony, rather than stemming from the unfair pre-trial procedure or confrontation, has an independent source.

Before any physical evidence seized incident to arrest may be suppressed, the defendant must establish that the illegality of his arrest by a preponderance of the evidence. The People must preliminarily demonstrate that the arrest of the defendant was based upon reasonable and probable cause.

By decision of the Hon. Anne E. Minihan dated August 18, 2023, pre-trial *Dunaway, Wade, Mapp* and *Sandoval/Ventimiglia* hearings were ordered. On December 19, 2023, a combined hearing was held to address the *Wade, Dunaway* and *Mapp* issues. The *Sandoval/Ventimiglia* hearing was adjourned until immediately prior to trial.

[* 2]

At the hearing, the People called as a witness Detective Joseph Valente of the Mount Vernon Police Department. The Court finds the testimony of the People's witness to be candid, plausible and fully credible. The defense presented no witnesses and offered a three (3) - page written statement of Dwayne Douglas into evidence. The People's exhibits included three (3) photos of the defendant.

This Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACTS

On April 6, 2023 at about 12:39 P.M., Mount Vernon police responded to a report of "shots fired" on Garden Avenue between Fourth and Fifth Streets. Upon arrival, officers were advised that an individual suffering gunshot wounds had been taken to the hospital by a family member. Later that evening when it was learned the shooting victim, Tamini Turner, had expired, the investigation was assigned to Detective Joseph Valente of the Major Case Unit. Upon review of several surveillance videos and License Plate Readers (LPRs), detectives focused on a certain Honda Accord registered to the defendant. One particular video from the crime scene showed a distinctively dressed male matching the defendant's physical characteristics exit the Honda, open the hood, retrieve a small object and place it in his waist band. Moments later, Tamani Turner enters the video, leans into the passenger side of the Honda and appears to briefly converse with the above-mentioned operator before being shot.

Additional surveillance footage from 124 Mount Vernon Avenue showed the driver of the Honda enter and exit the address approximately ten (10 minutes before the shooting.

Police learned that a woman at that residence, Ms. Sewell, is the mother of two (2) of the defendant's children. She later identified the defendant from a single photograph as did the defendant's stepfather, Dwayne Douglas who also identified him in surveillance video.

Detectives interviewed a friend of the defendant, O'Brien Perrier, who told them he had been visited by the defendant on the afternoon of April 6, 2023. In addition to leaving some personal items with Mr. Perrier, the defendant told him he may not be seeing him for a while implying he was leaving the area. On Baychester Avenue in nearby Bronx County, the police eventually recovered the burned out remains of the Honda Accord registered to the defendant.

Unable to locate the defendant locally, the detectives requested the FBI Safe Streets Task Force place the defendant's name on a No Fly List. That listing resulted in the federal authorities locating the defendant on April 7, 2023 at Philadelphia International Airport after he purchased a one way ticket to Jamaica. Based on an arrest warrant obtained by Mount Vernon detectives, the defendant was taken into custody and two (2) cell phones and a bag of clothing were recovered from his person.

## CONCLUSIONS OF LAW

### *Wade/Dunaway* Issuep

When the People assert that a pretrial identification was merely confirmatory, they must bear the burden of proving that the identifying witness has sufficient familiarity with

the defendant to render the identification impervious to police suggestiveness. To do so, they must come forward with details concerning the extent and degree of the witness' prior relationship with the defendant. [See *People v. Rodriguez*, 79 NY2d at 452; *People v. Collins*, 60 NY2d 214].

The record is clear that each of the identifying witnesses had a prior familiarity, and indeed long standing relationship, with the defendant the basis for which would render these witnesses impervious to suggestiveness in any identification procedure. One is the defendant's stepfather, another, the mother of his children and the third a longtime friend.

The probable cause standard is a non-mechanical concept that deals with the factual and practical considerations of everyday life on which reasonable and prudent men and women, not legal technicians act.. [See *Maryland v. Pringle*, 54 US 366, 370]. What is required is simply a reasonable ground for belief of guilt. It is a probability, not a certainty, or even a *prima facie* case. [See *Illinois v. Gates*, 462 US 213, 235].

New York Courts have recognized that an arrest need not be supported by information and knowledge that at the time points directly to a defendant's guilt beyond a reasonable doubt and excludes all possibility of innocence. Rather, probable cause rests on probabilities not certainty. [See *People v. Bigelow*, 66 NY2d 417]. For probable cause to exist, the conclusion must be one that a reasonable person, possessing the same expertise, training and experience as the arresting officer, would reach. [See *People v. Silas*, 220 AD2d 467]. It is the synthesis of all the information gleaned by the investigator from any number of sources that links

[* 5]

the defendant to the alleged crime. A police officer may draw inferences based upon his or her own experience and training to determine if probable cause exists.

Applying these standards, it is clear that the police had abundant probable cause to detain and arrest the defendant. Among other considerations, he physically matched the man removing a small object from under the hood of a car registered to him and placing it in his waist band moments before the shooting. He was identified from video at or near the crime scene by persons intimately familiar with him. The defendant's phone was detected near the crime scene at the time of its occurrence. There is also strong evidence of flight and destruction of evidence.

### *Mapp* Issue

The seizure of two (2) cell phones from the defendant's person and a bag of clothes in his possession when arrested are determined by the Court to be appropriately admissible as incident to a lawful arrest.

The *Mapp* and *Wade/Dunaway* motions are denied in their entirely.

This constitutes the opinion, decision and order of this Court.

**The parties are direct to appear in T.A.P. on February 8, 2024 in Courtroom 303 before the Hon. James McCarty.**

Dated: White Plains, New York
      December 21, 2023

 

                                        _____
                                             ROBERT A. NEARY
                                             SUPREME COURT JUSTICE

Nadine Nagler
Timothy O'Hara
Assistants District Attorney
Westchester County
Office of the District Attorney
Richard J. Daronco Courthouse
111 Martin Luther King Blvd.
White Plains, New York 10601
nnagler@westchesterda.net
TOhara@westchesterda.net


Christina Hall, Esq.
Attorney for Defendant
600 Mamaroneck Avenue, Suite 400
Harrison, New York  10528
CTHalljustice@gmail.com

[* 7]