■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER LETIERI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Stolarik, J.), rendered October 12, 1984, convicting him of attempted burglary in the third degree, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal the defendant contends that the circumstantial evidence against him was insufficient, as a matter of law, to establish his guilt beyond a reasonable doubt. The standard for reviewing the legal sufficiency of circumstantial evidence requires that " 'the facts from which the inference of the defendant's guilt is drawn must be established with certainty —they must be inconsistent with his innocence and must exclude to a moral certainty every other reasonable hypothesis' " *(People v Cleague,* 22 NY2d 363, 365-366, quoting from *People v Bearden,* 290 NY 478, 480).

The evidence adduced by the People established with certainty that a police officer, responding to an anonymous call reporting a burglary in progress at a tire store, saw the defendant and an accomplice standing in front of the premises. The two men, who fit the description provided by the anonymous caller, began walking away from the premises as the marked police car approached. The officer stopped them for questioning. The officer saw the defendant drop a screwdriver under the front of the police car. It was subsequently discovered that the screwdriver matched the pry marks around the lock of the tire store door and those on the molding which had been pried away from the windows of the store.

Viewing all of these facts in a light most favorable to the prosecution *(People v Lewis,* 64 NY2d 1111, 1112; *People v Shannon,* 105 AD2d 986), we find that the evidence was legally sufficient to satisfy the "inconsistent with innocence" standard. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Mangano, J. P., Thompson, Eiber and Balletta, JJ., concur.