■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA ROGERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered July 6, 1988, convicting her of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Following opening remarks, both the defendant and her codefendant unsuccessfully moved for separate trials. Their applications were premised on the assertion they had antagonistic defenses. A joint trial, at which neither the defendant nor her codefendant produced any witnesses, ensued.

The evidence adduced by the People established that an undercover officer purchased three vials of a form of cocaine known as "crack" at a location in Brooklyn from a person with a female voice hidden behind a peephole. To make the purchase, the undercover officer took $15 of tightly folded prerecorded money treated with a powder which would rub off on the hands of anyone who handled it and which would glow under ultraviolet light and slid it under a locked steel door. After receiving the drugs, the undercover officer went back to his car and radioed to a backup team, which was apparently already armed with a search warrant for the premises.

Approximately 10 minutes after the sale, the backup team broke the locks on the steel door, which could be opened only from the outside. Inside the small room behind the door the team found the defendant, three more vials of cocaine, numerous vials containing cocaine residue, a television set and an ice cold beer. None of the prerecorded money was found on the defendant's person or in the room, which contained no refrigerator.

The undercover officer returned to the scene as the backup team broke open the steel door and as a small crowd gathered on the sidewalk. The codefendant stood in the crowd and the undercover officer heard him acknowledge to an unidentified male that the "spot" was his and that he "just left the broad in there". As uniformed officers approached, the undercover officer and other officers observed the codefendant passing a blue tee-shirt and some money to Tami Hayes, a woman standing next to him. Hayes, upon whom some of the prerecorded money was thereafter found, the codefendant, and the defendant were arrested and the hands of all three glowed when put under ultraviolet light. The defendant's theory at trial was apparently that another female, perhaps Hayes, made the sale and that the defendant entered the location behind the peephole with the beer only after the sale had been completed. In support of her claim, she could point to the fact that the location had no refrigerator and the beer was ice cold. The codefendant's apparent theory at the trial was that he was only standing outside the location with Hayes. Both

the defendant and her codefendant were found guilty of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. We affirm the defendant's conviction.

We cannot agree with the defendant that the trial court improvidently exercised its discretion when it denied the motion for separate trials. The defendant failed to show good cause why she did not make her application within 45 days following arraignment and the motion was therefore untimely *(see,* CPL 255.10 [1] [g]; 255.20 [1], [3]). In any event, she did not demonstrate that her defense was so antagonistic to that of her codefendant so as to warrant separate trials *(see generally, People v Mahboubian,* 74 NY2d 174, 182-186; *see also, People v Teller,* 130 AD2d 528; *People v Lerner,* 122 AD2d 813, 814). To the extent that the defendant now advances other grounds for separate trials, her claims are not preserved for our review *(see, People v McGee,* 68 NY2d 328, 333-334), and a joint trial was proper *(see,* CPL 200.40 [1]; *People v Bornholdt,* 33 NY2d 75, 87, *cert denied* 416 US 905).

The defendant also contends that the People failed to prove her guilt beyond a reasonable doubt. However, viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, although the evidence against the defendant was circumstantial, a determination of guilt flows naturally from the facts proven and excludes to a moral certainty every reasonable hypothesis but guilt *(see, People v Benzinger,* 36 NY2d 29, 32). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.