■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD IVORY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered March 27, 1989, convicting him of attempted criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Appelman, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The evidence adduced at the Mapp hearing established that the arresting officer received a radio transmission from the undercover officer with whom he was working stating that the undercover officer had just observed a black male, who was 6 feet 1 inch tall, slim, and sporting a beard, mustache and close cropped hair, sell drugs on the corner of 205th Street and Linden Boulevard. Three minutes later, the arresting officer arrived at that location and found the defendant, who was the

only man on that corner who matched the description with which he had been provided. This evidence was sufficient to meet the People's burden of establishing that it was more likely than not that the defendant was the person observed selling drugs (see, People v Skrine, 125 AD2d 507; People v White, 117 AD2d 127). Thus, the hearing court did not err in concluding that there was probable cause for the defendant's arrest. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.