■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered June 24, 1988, as amended June 29, 1988, convicting him of attempted robbery in the third degree and criminally possessing a hypodermic instrument, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant contends that the People did not prove that he had the requisite specific intent to commit the crime of attempted robbery in the third degree. We find, however, that viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence establishes both that the defendant intended to forcibly steal property from the victim and that he engaged in conduct which tended to effect commission of the robbery *(see,* Penal Law § 110.00; *People v Bracey,* 41 NY2d 296). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We also conclude that the defendant's untimely motion for severance of the crimes charged in the indictment was properly denied since the defendant failed to demonstrate good cause for delay in making the application *(see,* CPL 255.20 [1], [3]; 255.10 [1] [g]; *People v Kehn,* 109 AD2d 912; *see also, People v Coates,* 157 AD2d 843). The defendant's application for waiver of a jury trial for so much of the indictment as charged him with criminally possessing a hypodermic instrument was also properly denied *(see,* CPL 320.10 [1], [2]; *People v Wallace,* 153 AD2d 59). Inasmuch as the judgment of convic-

tion rests upon legally sufficient trial evidence, we conclude that the defendant's challenge to the nature of the evidence presented to the Grand Jury is unavailing under the facts of this case *(see, People v O'Connor,* 126 AD2d 676; *People v Plastini,* 125 AD2d 505). Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.