*supra; People v Capehart,* 151 AD2d 592; *People v Thompson,* 129 AD2d 655; *People v Moya,* 115 AD2d 769).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT THOMPSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered July 10, 1987, convicting him of burglary in the second degree (three counts), grand larceny in the third degree, criminal possession of stolen property in the third degree and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Boklan, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The record amply supports the hearing court's determination that the defendant's warrantless arrest was based on probable cause and that, accordingly, that branch of his omnibus motion which sought to suppress physical evidence seized incident to that arrest was properly denied. On July 8, 1986, the defendant was apprehended by the police following a high-speed chase and his flight on foot after crashing the vehicle he was driving. That vehicle, a white Ford Mustang with red trim, was identified as a vehicle stolen in the course of a burglary committed on July 6, 1986, at the residence of Diane Boone. The defendant had also been observed earlier in the day on July 8, 1986, fleeing the scene of the burglarized premises of Jacob King in the stolen Mustang. The day following the defendant's apprehension a set of car keys

bearing a Renault tag and some jewelry were recovered from the Mustang's glove compartment. On July 21, 1986, the car keys and a gold chain recovered from the glove compartment were positively identified by a Mrs. Meedly, the victim of a July 1, 1986, burglary, as property stolen from her in the commission of that burglary. All three burglaries were committed within the Lakeview area of Nassau County within a one-week period. In the interim the defendant had been released on bail. The information regarding the evidence in the Meedly burglary was relayed to Nassau County Police Officers Bonkowski and Hamilton by the detective coordinating the investigation into the series of Lakeview burglaries who instructed the officers to arrest the defendant for the Meedly burglary. On July 24, 1986, the defendant was located in an abandoned car in Lakeview and rearrested. It is the latter arrest that the defendant challenges on appeal as having been executed without probable cause. He also sought to suppress certain physical evidence consisting of items of jewelry recovered incident to the arrest as the fruits of the illegal police conduct. Notably, the jewelry recovered from the defendant's person was later identified as the proceeds of yet another Lakeview burglary committed at the residence of Daisy Bennett on July 22, 1986. Viewed in its entirety, the information possessed by the arresting officers including the knowledge of the defendant's prior arrest for other Lakeview area burglaries demonstrates the presence of the requisite probable cause to believe the defendant had committed the Meedly burglary (see, CPL 140.10 [1] [b]; *People v Bigelow*, 66 NY2d 417, 423; *People v La Mountain*, 155 AD2d 717; *cf., People v Marrero*, 152 AD2d 746).

We also find that the court properly denied the defendant's motion for severance of the counts in the indictment related to separate burglaries. On October 3, 1986, the parties stipulated that the defendant had until November 7, 1986, to move for a severance. The severance motion was not made by the date to which the parties had stipulated and which date the court had approved. Since there were no further extensions of time to file motions, the motion to sever made after the stipulated date was untimely (see, CPL 255.20 [1]; 255.10 [1] [g]). Furthermore, the defendant failed to show good cause for the delay in making the application (see, CPL 255.20 [3]; *People v Johnson*, 161 AD2d 732; *People v Rogers*, 156 AD2d 598, 600; *People v Kehn*, 109 AD2d 912, 914).

The defendant also contends that the People failed to prove his guilt of the Bennett burglary beyond a reasonable doubt.

However, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Although the evidence against the defendant was wholly circumstantial, the facts from which the inference of the defendant's guilt was drawn are inconsistent with his innocence and exclude to a moral certainty every reasonable hypothesis but guilt *(see, People v Benzinger,* 36 NY2d 29, 32; *People v Cleague,* 22 NY2d 363, 365-366; *People v Letieri,* 154 AD2d 622).

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review and, in any event, without merit. Thompson, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.