■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL E. BROOME, Appellant.—Judgment unanimously affirmed. Memorandum: On this appeal from a judgment of conviction, following a jury trial, of two counts of criminal possession of a weapon in the third degree, defendant contends that County Court erred in summarily denying his motion to suppress the gun that was seized from him at the time of his arrest. Because defendant did not move to suppress the evidence until 114 days after his arraignment, the motion was untimely.

Whether defendant is represented by counsel or elects to proceed *pro se,* all pretrial motions, including a motion to suppress evidence, must be made within 45 days after arraignment unless defendant demonstrates good cause for delay in making the motion (CPL 255.20 [1], [3]; 710.40 [1]). Since defendant failed to demonstrate good cause for the delay in making the motion, his motion to suppress was properly denied *(see, People v Johnson,* 161 AD2d 732). In addition, the court's summary rejection was proper because defendant's moving papers in support of that motion contained only conclusory assertions of legal grounds and failed to allege any evidentiary facts to support those grounds *(see,* CPL 710.60 [3] [b]; *People v Vega,* 145 AD2d 924, *lv denied* 73 NY2d 984; *People v Alexander,* 88 AD2d 749). Furthermore, the People submitted an answering affidavit containing copies of police reports establishing that the police, armed with reliable information that defendant might possess a weapon, were justified in approaching defendant and in performing a pat-down frisk for their own protection *(see, People v Murray,* 172 AD2d 437, *appeal withdrawn* 79 NY2d 942; *see also, Terry v Ohio,* 392 US 1, 27; *People v Salaman,* 71 NY2d 869, 870; *People v Roth,* 66 NY2d 688, 690; *People v Davis,* 64 NY2d 1143).

Upon our review of the record, we conclude that the verdict was supported by legally sufficient evidence and was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

We have examined the other issues raised on appeal and find that all are without merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Weapon, 3rd Degree.) Present—Callahan, J. P., Boomer, Pine, Boehm and Doerr, JJ.