■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC KENNEDY, Appellant. [606 NYS2d 254] —Appeals by the defendant from two judgments of the Supreme Court, Kings County (Goldman, J.), both rendered June 18, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree and criminal possession of a weapon in the third degree under Indictment Number 3459/89, and criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a weapon in the third degree under Indictment Number 3563/89, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion under Indictment Number 3563/89 which was to suppress physical evidence.

Ordered that the judgments are affirmed.

The defendant's contention that the hearing court erred in denying that branch of his motion which was to suppress physical evidence seized on March 12, 1989, is without merit. The arresting officer testified that he received a radio transmission from an undercover officer who witnessed the defendant leave the location under observation with a bag from which he removed and examined what appeared to the undercover officer to be a vial of crack. The undercover officer then gave a detailed description of the defendant's appearance, indicated in what direction the defendant was proceeding, and that he had been arrested there previously. "Under these circumstances, a reasonable person, possessing the same expertise as the arresting officer, would conclude that an offense had been committed and that the defendant was the perpetrator" *(People v Fernandez,* 185 AD2d 944, 945; *see, People v Javier,* 175 AD2d 182; *People v Rivera,* 166 AD2d 678; *People v Ivory,* 160 AD2d 730). We conclude that the defendant's arrest was lawful, as it was supported by probable cause, and the court properly admitted in evidence the gun recovered from the defendant's pocket, as well as the drugs and empty crack vials recovered from a bag which the defendant threw over a fence while he was being pursued by the police *(see, People v Archibald,* 192 AD2d 537; *People v Brown,* 186 AD2d 142; *People v Boone,* 183 AD2d 721).

The defendant's claim that the sentence imposed impermissibly punished him for exercising his right to proceed to trial based on the disparity between the pretrial sentence offer and the actual sentence imposed, is without merit *(see, People v Pena,* 50 NY2d 400). Bracken, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.