**Karl Edward BROOME, Petitioner,**

v.

**Thomas A. COUGHLIN, III and Victor T. Herbert, Respondents.**

No. 93 Civ. 767.

United States District Court, N.D. New York.

Dec. 15, 1994.

Broome, pro se.

## MEMORANDUM AND ORDER

KAPLAN, District Judge.[1]

Petitioner Karl Edward Broome currently is serving a sentence of two concurrent terms of three and one half to seven years imprisonment in the New York State correctional system following his 1991 conviction on two counts of criminal possession of a weapon in the third degree. Petitioner seeks a writ of habeas corpus, challenging the conviction on thirteen grounds. For the reasons that follow, we deny the writ and dismiss the petition.

### Evidence Seized Incident to Arrest

Petitioner's first ground for habeas corpus relief is the contention that his conviction was obtained by use of evidence seized pursuant to an unlawful arrest. Respondents argue that the last state court to rule on the claim found it to be procedurally barred and, in consequence, that petitioner may not raise it as a ground for habeas relief. *See Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Petitioner was arrested on November 23, 1991, indicted on January 11, 1991, and arraigned on the indictment on January 15, 1991. Between November 23, 1991 and April 30, 1991, when petitioner informed the trial court that he elected to proceed *pro se,* petitioner was represented by six different attorneys. The court gave petitioner until May 13, 1991 to file motions.

On May 9, 1991, one hundred and fourteen days after his arraignment, petitioner moved to suppress a gun seized in disputed circumstances at the time of his arrest. The record discloses no objection by the People as to the timeliness of the motion. The trial court

1. Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

denied the motion although the record does not disclose the reason for the ruling. The Appellate Division of the New York Supreme Court affirmed, holding that petitioner's motion to suppress was untimely[2] and that Broome "failed to demonstrate good cause for the delay in making the motion." *People v. Broome*, 187 A.D.2d 949, 590 N.Y.S.2d 349 (4th Dep't 1992), *leave to appeal denied*, 81 N.Y.2d 882, 597 N.Y.S.2d 943, 613 N.E.2d 975 (1993). The Appellate Division held further that the People had established probable cause and, therefore, that the motion properly would have been denied on the merits. *Id.*

■ The general rule governing the availability of habeas relief based on a procedurally barred claim is that "when a state court has determined that a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2564. Habeas review is foreclosed even where, as here, the state court, although expressly relying on procedural default, has ruled in the alternative on the merits of the federal claim. *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir.1990).

Here, petitioner's unlawful search argument was raised on direct appeal and disposed of on the ground of untimeliness. It therefore is not a proper basis for habeas relief unless petitioner has met the *Coleman* test by showing (1) cause for the default and (2) actual prejudice suffered as a result of the alleged violation of federal law. We believe that there was cause for the default, but that actual prejudice has not been demonstrated.

■ As to cause, petitioner must show that "some objective factor external to the defense impeded ... efforts to comply with

the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *Coleman*, 501 U.S. at 753, 111 S.Ct. at 2566. Petitioner claims that he was directed by the trial court, after he elected to proceed *pro se*, to file motions by May 13, 1991, that he did so, and that neither the trial court nor the People suggested that the motion was untimely. In substance, petitioner implicitly argues that the trial court effectively extended the 45 day time period in light of the changes in petitioner's legal representation and, in consequence, that there was no default, the Appellate Division notwithstanding. But the Appellate Division's ruling on this point is conclusive.

Petitioner suggests also that his several counsel were interested only in negotiating a plea, thus implying perhaps that the default was attributable to the ineffective assistance of counsel. But we need not determine that question because the gun was seized in a lawful manner. Petitioner therefore did not suffer actual prejudice.

■ According to information provided to law enforcement officers by the complaining witness, James Brown, immediately before petitioner was stopped on the street, the petitioner was carrying at least one weapon. This information created reasonable suspicion that justified the officers in stopping petitioner and patting him down. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). There is a conflict as to what then took place.

Petitioner's motion to suppress alleged that there was no search or seizure. Rather, he asserted that he was arrested and "while in custody a weapon was found on the ground by police [and] the defendant was then charged with criminal possession of a weapon." (Broome Aff., May 9, 1991, ¶ L) If that were so, there was no basis for suppressing the gun, as it was not the product of any search of petitioner. 1 LeFave & Israel, *Criminal Procedure* § 3.2(b) (1984).

---

**2.** New York law provides that a defendant, whether represented by counsel or proceeding *pro se*, must make all pretrial motions within 45 days after arraignment unless the defendant

demonstrates good cause for delay in making the motion. *See* N.Y.Crim.Proc.L. §§ 255.20(1); 710.40(1) (McKinney 1993).

Petitioner argued, in the alternative, that the gun was seized incident to an unlawful arrest. There are three somewhat varying accounts of these events.

Mr. Brown testified that when the officers asked Broome whether they could search him, he responded, " 'No problem. I have nothing to hide.' " (Trial Transcript at 56). Brown further testified that Officer John Barnum "pat[ted] him down and search[ed] him.... [B]ut [petitioner] started—he tried to get away and tried to run." (*Id.* at 56–57) At that point Barnum wrestled Broome to the ground and "as he was lifting him up, something fell from ... [petitioner's] coat area" (*id.* at 57), which Brown testified was a gun. (*Id.* at 58).

Officer Barnum testified that, during the pat down of Broome, "as soon as I started to reach for the front part of his waist he started to turn on me ... like he was trying to knock me off balance and get away." (*Id.* at 77) He testified further, "I brought [his arms] up behind him, to try to take control of him, so he couldn't reach for anything.... [A]nd as I did this, I could see a gun drop to the ground." (*Id.* at 78)

Lieutenant Paul Rowland testified that during Officer Barnum's pat down of Broome, Barnum "told me that he felt something hard in defendant's clothing ... [and] I told Officer Barnum to bring the defendant to the ground, so we could check to see what that was." (*Id.* at 102) "As we were doing so a weapon fell out of the man's clothing." (*Id.* at 103)

■■■ Fourth Amendment jurisprudence recognizes the right of law enforcement officers to use some degree of physical coercion when conducting a *Terry* stop, at least when a suspect attempts to flee. *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989); *see Terry v. Ohio*, 392 U.S. at 22–27, 88 S.Ct. at 1880–1883. The Supreme Court held in *Sibron v. State of New York*, 392 U.S. 40, 66, 88 S.Ct. 1889, 1904, 20 L.Ed.2d 917 (1968), that "deliberately furtive actions and flight at the approach ... of law officers are strong indicia of mens rea." Based on this principle, courts have held that flight or attempted flight during a *Terry* stop transforms an officer's reasonable

suspicion into probable cause. *United States v. Martinez–Gonzalez*, 686 F.2d 93, 100 (2d Cir.1982); *Tom v. Voida*, 963 F.2d 952, 960 (7th Cir.1992); *see also Kolender v. Lawson*, 461 U.S. 352, 366, n. 4, 103 S.Ct. 1855, 1863, n. 4, 75 L.Ed.2d 903 (1983) (Brennan, J., concurring opinion).

■■■ In the version of events testified to by Mr. Brown and Officer Barnum, the officers conducted a lawful *Terry* stop and used permissible force to detain petitioner when he attempted to flee. The attempted flight gave the officers probable cause to arrest.

Based on Lieutenant Rowland's view of the evidence, Officer Barnum, who already had been told that petitioner had a gun, felt "something hard" in the petitioner's clothing while conducting the pat down. The discovery of what appeared in the circumstances to be a the weapon gave the officers sufficient grounds to "bring the [petitioner] to the ground."

While there no doubt are nice questions here as to exactly when the *Terry* stop became an arrest, and as to when the gun came into view in relation to the start of the arrest, we need not resolve them. On any view of the evidence, the seizure was lawful. The weapon either was in plain view or was seized incident to a lawful arrest.

Petitioner's first ground for habeas relief does not meet the *Coleman* test, and federal habeas review on this ground therefore is barred.

*Grand Jury*

■■■ Petitioner seeks relief as well on the grounds that the grand jury was constructed in violation of his constitutional rights and that the evidence before the grand jury was insufficient to support the indictment.

These grounds are not cognizable for habeas review in light of *United States v. Mechanik*, 475 U.S. 66, 71–73, 106 S.Ct. 938, 942–943, 89 L.Ed.2d 50 (1986), which holds that a petit jury's guilty verdict cures error in the earlier grand jury proceedings. *See also Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir.1989).

**136**

### Jury Charge

Petitioner raises, as the eighth ground for habeas relief, impropriety in the charge given to the jury on reasonable doubt. We find the charge to be proper and petitioner's argument to be meritless.

### Second Felony Offender Hearing

 Petitioner alleges violation of his due process and equal protection rights based on the trial court's failure to conduct a hearing before sentencing petitioner as a second felony offender.

The Court finds that petitioner waived any right to a hearing. After a lengthy discussion about petitioner's prior conviction, the trial court clearly informed him, "if you would want some hearing and I will give it to you, because I have got time for it and you're going to have time to think about it when I get done." (Motion and Sentence Transcript, July 29, 1991 at 17) The trial court said further, "I am going to ask you again, do you wish to contest the constitutionality of that conviction, at this time?" (*Id.*) Defendant replied, "I am a bit confused, Your Honor, so I would rather that we just progress," (*id.*), at which point the trial court advised petitioner, who was proceeding *pro se,* "there is a lawyer standing right there to answer your question," (*id.*), referring to Mr. Angelo Rinaldi, petitioner's legal adviser. Mr. Rinaldi responded, "I know that defendant is ready to proceed, I think he's just making the court aware of the fact that he's intending to appeal and he still has an appeal pending on the prior felony conviction." (*Id.* at 17–18)

We conclude that petitioner effectively waived any hearing on this issue.

### Conclusion

We have considered the remaining grounds raised by petitioner and find them to be without merit. The writ is denied and the petition dismissed.

SO ORDERED.