[No. 13012-6-III.   Division Three.   March 28, 1996.]

THE STATE OF WASHINGTON, *Appellant*, v. JAMES ALLEN DUNCAN, *Respondent*.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Kenneth L. Ramm, Jr.*, for appellant.

*Nicholas C. Holt* and *Steinborn & Associates*, for respondent.

SWEENEY, C.J. — The State appeals a trial court order suppressing marijuana found in a public storage facility rented by James Allen Duncan. It contends that the court did not appropriately defer to the judge issuing the search warrant, erroneously determined that Mr. Duncan had an expectation of privacy in his storage unit, and erroneously concluded that the veracity prong of *Aguilar-Spinelli* had not been met. *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969). We conclude that Mr. Duncan had no expectation of privacy in the storage records, but that the affidavit in support of the search warrant did not satisfy the *Aguilar-Spinelli* veracity prong nor was the independent police investigation sufficient. We, therefore, affirm the trial court.

## FACTS

On October 22, 1992, the Yakima County District Court issued a search warrant to search a storage unit rented to Mr. Duncan. Detective Mike Merryman supplied the information supporting the warrant by a telephone affidavit. Officer Bill Guyer had given Detective Merryman the information.

The affidavit included the following. Meda K. Hansen, Mr. Duncan's girlfriend, told Officer Guyer about a domestic dispute. She said that two hours earlier she had accompanied Mr. Duncan to Irwin Storage. There, Ms. Han-

sen saw Mr. Duncan take approximately 14 ounces of marijuana from the storage unit. Mr. Duncan told Ms. Hansen that the storage unit contained 20 pounds of marijuana. A fight started because of the marijuana; Mr. Duncan pulled her hair. Officer Guyer saw red marks on Ms. Hansen's face, and loose hair. The Yakima Police Department received a report of an assault at 6:06 P.M. Ms. Hansen lied about her name. Her real name is Sara DaVee. Officer Guyer spoke to Betty Arnold, Irwin Storage's manager. She confirmed that Mr. Duncan rented a unit and that his code showed entry into the facility at 5:59 P.M. and exit at 6:03 P.M.

Detective Merryman also said that a prior investigation targeted Mr. Duncan, resulting in Mr. Duncan's arrest for growing a large quantity of high quality marijuana. Based on this information, a judge issued a search warrant for the storage unit that Mr. Duncan rented. The police found approximately 19 ounces of marijuana.

The State charged Mr. Duncan with possession of a controlled substance, marijuana, with intent to deliver. He moved to suppress the marijuana. The court found that Mr. Duncan had a right to privacy in the records of Irwin Storage. The court also omitted Ms. DaVee's information, finding that it was not credible and uncorroborated. It then concluded the remaining information in the affidavit was not sufficient to support a finding of probable cause and suppressed the marijuana found in the storage unit. The court then dismissed the case. The State appeals.

## DISCUSSION

**Trial Court's Standard of Review.** The State first argues that the trial court was not sufficiently deferential to the issuing judge. A court reviews a search warrant's validity for an abuse of discretion. *State v. Estorga*, 60 Wn. App. 298, 303, 803 P.2d 813, *review denied*, 116 Wn.2d 1027 (1991). A magistrate's determination of probable cause is given great deference. All doubts are resolved in favor of the warrant's validity. *State v. Coates*, 107 Wn.2d

882, 888, 735 P.2d 64 (1987); *State v. Wilke*, 55 Wn. App. 470, 476, 778 P.2d 1054, *review denied*, 113 Wn.2d 1032 (1989). In reviewing the probable cause determination, the court considers the information presented to the issuing magistrate. *State v. Patterson*, 83 Wn.2d 49, 61, 515 P.2d 496 (1973); *Estorga*, 60 Wn. App. at 304. We cannot address this challenge without first considering whether Mr. Duncan had a right to privacy in the storage records, and whether the court properly struck information provided by Ms. DaVee from the affidavit.

■ Expectation of Privacy. The State argues that the court erred in finding Mr. Duncan had an expectation of privacy in the storage facility's business records. The Fourth Amendment protects justifiable, reasonable, and legitimate expectations of privacy. *State v. Chaussee*, 72 Wn. App. 704, 708, 866 P.2d 643, *review denied*, 124 Wn.2d 1008 (1994). That determination depends on: (1) whether the individual by conduct exhibits a subjective expectation of privacy, and (2) whether society is prepared to recognize that expectation as reasonable. *State v. Crandall*, 39 Wn. App. 849, 852, 697 P.2d 250, *review denied*, 103 Wn.2d 1036 (1985). Establishing a subjective expectation of privacy is the defendant's burden. *State v. Jones*, 68 Wn. App. 843, 850, 845 P.2d 1358, *review denied*, 122 Wn.2d 1018 (1993).

■ Absent some indication of a desire to maintain privacy, we are reluctant to find such an expectation in records held by a third party. For example, in *State v. Mc-Cray*, 15 Wn. App. 810, 816-17, 551 P.2d 1376 (1976), the court found no right to privacy to information about a bank account when a person drew checks on the account unlawfully and issued worthless checks. In *State v. Walter*, 66 Wn. App. 862, 833 P.2d 440 (1992), *review denied*, 121 Wn.2d 1033 (1993), the court found no subjective expectation of privacy to photographic negatives delivered to police by a film processor. We refused to find a subjective expectation of privacy when police officers obtained a defendant's name from a phone company when the party

did not request that the phone company not release his name. *State v. Faydo*, 68 Wn. App. 621, 625, 846 P.2d 539, *review denied*, 121 Wn.2d 1034 (1993).

■ We have also been reluctant to find a subjective expectation of privacy when the party asserting the right does not solely control the area being searched. In *State v. Jeffries*, 105 Wn.2d 398, 717 P.2d 722, *cert. denied*, 479 U.S. 922 (1986), our Supreme Court refused to find a subjective expectation of privacy in "storage areas" not on property owned by the defendant. The court determined that the search was lawful because the defendant could not expect to keep anybody who discovered them from looking into the boxes. *Jeffries*, 105 Wn.2d at 414. Similarly, in *State v. Wojtyna*, 70 Wn. App. 689, 855 P.2d 315 (1993), *review denied*, 123 Wn.2d 1007 (1994), no expectation of privacy existed when transmitting a number into a pager. The court held that the transmission " 'run[s] the risk' that it would be received by whomever is in possession or that the owner or someone in possession would disclose the contents." *Wojtyna*, 70 Wn. App. at 696.

■■ Mr. Duncan did nothing to show he expected any privacy in his use of this storage unit. The storage records detail only what someone could see by looking at the gate. The Fourth Amendment does not protect what a person knowingly exposes to the public. *Katz v. United States*, 389 U.S. 347, 351, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967). Second, Mr. Duncan's storage unit rental agreement does not require that any information be kept private. The agreement even provides that Irwin Storage can, in certain circumstances, enter the unit and remove its contents. Although not directly related to the entrance and exit records, this nonetheless tends to undermine any expectation of privacy. *See State v. Christian*, 95 Wn.2d 655, 660-61, 628 P.2d 806 (1981) (finding no reasonable expectation of privacy when tenant assumed risk that under attendant circumstances manager would enter premises and discover illegal drugs). Mr. Duncan had no legitimate expectation of privacy in the storage facility's

entrance and exit records. The court's decision to the contrary was error.

■ Informant's Credibility. The next question is whether Ms. DaVee's tip meets the requirements of *Aguilar-Spinelli*. *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969). In order to do so, the affidavit must first contain information sufficient to establish the informant's trustworthiness based on the underlying circumstances and sources of his or her knowledge. The affidavit must next contain information that establishes the informant's veracity. *State v. Lair*, 95 Wn.2d 706, 709, 630 P.2d 427 (1981). The affidavit is insufficient if it fails to meet either prong unless other police investigation corroborates the informant's tip. *State v. Young*, 123 Wn.2d 173, 195, 867 P.2d 593 (1994).

*Basis of Knowledge.* Information showing the informant personally has seen the facts asserted and is passing on firsthand information satisfies the basis of knowledge prong. *State v. Smith*, 110 Wn.2d 658, 663, 756 P.2d 722 (1988), *cert. denied*, 488 U.S. 1042 (1989); *State v. Jackson*, 102 Wn.2d 432, 437, 688 P.2d 136 (1984). Here, Ms. DaVee said she was with Mr. Duncan at the storage facility and personally observed a quantity of marijuana in the storage unit. She also said Mr. Duncan told her the storage unit contained 20 pounds of marijuana. Mr. Duncan complains that her information is insufficient because it does not show how she was familiar with marijuana. We disagree. Ms. DaVee said Mr. Duncan told her it was marijuana. And she reported personally seeing the marijuana. That is sufficient. *State v. Huff*, 33 Wn. App. 304, 307, 654 P.2d 1211 (1982) (finding statement that "informant had personally observed a quantity of Marijuana in the above described residence' " sufficient).

*Veracity.* Under the veracity prong, police must present the issuing magistrate with sufficient facts to determine either the informant's inherent credibility or reliability. *Huff*, 33 Wn. App. at 307-08. The veracity prong is satis-

fied in either of two ways: (1) the informant's credibility may be established, or (2) if nothing is known about the informant, the facts and circumstances surrounding the information may reasonably support an inference that the informant is telling the truth. *Lair*, 95 Wn.2d at 709-10. If a police investigation reveals suspicious activity along the lines of the criminal behavior proposed by the informant, then the corroborating investigation may satisfy the requirements of *Aguilar-Spinelli*. *Young*, 123 Wn.2d at 195.

The affidavit here fails to explain Ms. DaVee's credibility or reliability. Police did not check her identity, address, phone number, employment, residence or length of residence, or family history. *See Wilke*, 55 Wn. App. at 479 (finding anonymous citizen informant's reliability established, as magistrate could infer the police had the name, address, phone number, and knew the informant's identity). There was, however, an attempt to corroborate Ms. DaVee's information by additional police investigations.

The next question, then, is whether that effort was adequate. The police found that Mr. Duncan rented the storage unit and he had visited the unit within the two hours before the police talked to the storage facility's manager. But these are innocuous facts. They do not suggest criminal activity. *See Young*, 123 Wn.2d at 196 (finding corroborating phone number and address and high electrical consumption innocuous). At most, they establish that Ms. DaVee had personal knowledge of Mr. Duncan. *State v. Huft*, 106 Wn.2d 206, 211, 720 P.2d 838 (1986). Other corroboration includes Ms. DaVee's red face, and loose hair. But again, this information would not point to possession of marijuana. *State v. Maxwell*, 114 Wn.2d 761, 769, 791 P.2d 223 (1990) (corroborating information must point to suspicious activities or indications of criminal activity along the lines suggested by the informant). While the information corroborates the domestic dispute, it does not corroborate that the storage unit contained marijuana.

Independent police investigation should point out " ' "*probative indications of criminal activity* along the lines suggested by the informant'." *Jackson*, 102 Wn.2d at 438 (quoting *United States v. Canieso*, 470 F.2d 1224, 1231 (2d Cir. 1972)).

■ Nor is Ms. DaVee's identity enough to presume reliability. The informant's identification is merely a consideration in determining whether the informant is truly a citizen informant. *State v. Rodriguez*, 53 Wn. App. 571, 576, 769 P.2d 309 (1989). Naming a person is not alone a sufficient ground on which to credit an informer. It is only one factor in determining an affidavit's sufficiency. *Rodriguez*, 53 Wn. App. at 576 (quoting 1 WAYNE R. LAFAVE, SEARCH AND SEIZURE § 3.4, at 726-27 (2d ed. 1987)). Other factors also militate against a conclusion that Ms. DaVee is a citizen informant. The earlier domestic dispute colored her information with self-interest. *Rodriguez*, 53 Wn. App. at 575 (indicating when a citizen reports accusations to the police merely to spite the defendant, it diminishes the presumption of reliability).

Even with admission of the records corroborating Mr. Duncan's visits to the facility, insufficient corroboration exists to establish the *Aguilar-Spinelli* veracity prong.

■ Failure to Consider Prior Criminal History. Finally, the State argues that the court should have considered Mr. Duncan's prior criminal history in determining probable cause. In *State v. Sterling*, 43 Wn. App. 846, 851, 719 P.2d 1357, *review denied*, 106 Wn.2d 1017 (1986), the court permitted the use of a prior conviction as a factor when determining whether probable cause existed to issue a warrant. But a prior criminal record does not give the police probable cause to conduct a warrantless search. *State v. Hobart*, 94 Wn.2d 437, 446, 617 P.2d 429 (1980); *Sterling*, 43 Wn. App. at 851. Here, the court appropriately did not find a valid search warrant based on Detective Merryman's affidavit that Mr. Duncan had been subjected to prior investigations. Contrary to *Sterling*, the affidavit here does not say Mr. Duncan had a prior criminal record

but only that he was arrested and subjected to other investigations. Even if considered, a prior criminal record cannot provide probable cause to conduct a warrantless search. *Hobart*, 94 Wn.2d at 446. Omitting the informant's information, probable cause does not exist merely because of prior investigations focusing on Mr. Duncan.

We hold that Mr. Duncan did not have an expectation of privacy in Irwin Storage's records. We affirm the trial court, nonetheless, because the information in the affidavit is insufficient to support the veracity prong of *Aguilar-Spinelli*.

Affirmed.

SCHULTHEIS and THOMPSON, JJ., concur.

Review denied at 130 Wn.2d 1001 (1996).