■■■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALADINO SERRANO, Also Known as HUGO GOMEZ, Respondent. [647 NYS2d 546] —Appeal by the People from so much of an order of the Supreme Court, Queens County (Rotker, J.), dated January 10, 1995, as granted that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to suppress identification testimony is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

On August 30, 1994, at approximately 11:20 P.M., a uniformed police officer positioned at 90th Street and Roosevelt Ave., in Queens received a radio transmission from another officer which included the following description: "male Hispanic with green pants, white T-shirt with * * * a picture on it, and a black hat, white sneakers". This description referred to a man whom the transmitting officer had recently observed in the vicinity of 89th Street and Roosevelt Avenue, and whom this officer had seen cross the street, remove a "bundle of cocaine" from Marlboro cigarette boxes, cross the street again, and then insert the bundle in an "el pillar of the number 7 line". The el pillar into which the cocaine was inserted was near 89-01 Roosevelt Avenue. The cigarette cartons were left 25 or 30 feet away, across the street, near 89-18 Roosevelt Avenue.

Approximately two minutes later, the uniformed police officer responded to the former location, where he found the defendant, who perfectly matched the description noted above. The arresting officer recognized the defendant from a prior arrest, and was aware that the defendant had been the subject of a bench warrant in connection with that prior case. The defendant was placed under arrest. The arresting officer then received another radio transmission from the observing officer which included a "confirmatory identification". The arresting officer later recovered "80 white paper packets of cocaine" from the two cigarette boxes, and five "white folded * * * papers" from the el pillar.

We do not agree with the Supreme Court that the suppression of the transmitting officer's identification testimony was warranted under the circumstances outlined above, coupled with all of the other circumstances revealed in the record on appeal. Considering, *inter alia,* that the defendant made no specific challenge to the reliability of the transmitting officer's statements (*see, e.g., People v Fenner,* 61 NY2d 971; *People v Dodt,* 61 NY2d 408, 416; *People v Jenkins,* 47 NY2d 722; *People*

*v Taylor,* 172 AD2d 784), the information possessed by the transmitting officer may be imputed to the arresting officer (*see, People v Petralia,* 62 NY2d 47; *see also, People v Parris,* 83 NY2d 342; *People v Pegram,* 203 AD2d 391; *People v Brown,* 184 AD2d 647). The transmitting officer had seen the defendant in possession of what appeared to him to be cocaine, and the arresting officer had probable cause to arrest based on that information (*see, People v Kennedy,* 199 AD2d 537; *People v Lara,* 199 AD2d 419; *People v Kilminster,* 181 AD2d 794; *People v Ivory,* 160 AD2d 730). The fact that the arresting officer had, on a prior occasion, apprehended the defendant on another charge is a factor which properly relates to the existence of probable cause to arrest in this case (*see, Greenstreet v County of San Bernadino,* 41 F3d 1306; *see also, United States v Frost,* 999 F2d 737; *United States v McNally,* 473 F2d 934; *United States v Jakobetz,* 955 F2d 786; *United States v United States Currency, $83,310.78,* 851 F2d 1231, 1236; *State v Navas,* 81 Haw 29, 911 P2d 1101, *affd* 81 Haw 113, 913 P2d 39; *People v Thompson,* 175 AD2d 189 [prior arrest, similar crime, same area, probative of probable cause]).

In any event, the Supreme Court erred in concluding that the arrest and ensuing detention of the defendant at the Roosevelt Avenue location was causally related to the confirmatory identification later radioed to the arresting officer. There is no basis upon which to infer that the defendant would have fled merely upon the approach of the arresting officer. Thus, there is no basis upon which to conclude that the defendant's having remained at the time of the "confirmatory" identification, in the same position as he had originally been observed a few minutes earlier, was in fact causally related to the alleged "illegal" arrest. There was no significant temporal or spatial difference between the transmitting officer's post-arrest observations and pre-arrest observations. In other words, this is not a case where the allegedly "illegal" detention of the defendant "made the [confirmatory] identification possible" (*People v Gethers,* 86 NY2d 159, 162). The confirmatory identification would have been possible even if there had been no arrest or detention. Therefore, it cannot be considered to be causally related to any alleged illegality connected with the arrest and detention in this case (*cf., People v Gethers, supra*). Bracken, J. P., Thompson, Krausman and Florio, JJ., concur.