■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE PALAMINO, Appellant. [669 NYS2d 642] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered March 18, 1994, convicting him of robbery in the first degree (six counts), assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, and attempted aggravated assault upon a police officer (seven counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, a written statement, and identification testimony.

Ordered that the judgment is affirmed.

The court properly denied suppression of physical evidence, a written statement, and the identification testimony of an officer and a civilian robbery victim. There was overwhelming

evidence that the police had probable cause to arrest the defendant; therefore, the physical evidence seized incident to his arrest need not be suppressed (*see, People v Thompson,* 175 AD2d 189; *People v Lewis,* 123 AD2d 716; *People v Seruya,* 113 AD2d 777). The written statement given by the defendant after his spontaneous oral statements, and after a new set of *Miranda* warnings was administered, was given voluntarily and not as a result of a " 'continued importunity or coercive interrogation in the guise of a request for reconsideration' " of the defendant's assertion of his right to remain silent (*People v Buxton,* 44 NY2d 33, 37; *People v Pugh,* 70 AD2d 664, 666). The officer's identification of the defendant, made within two hours of the robbery, was merely confirmatory, and, consequently, any questions regarding the suggestiveness of the procedure and independent source are irrelevant (*see, People v Garcia,* 216 AD2d 412). Neither the photographic array nor the lineup viewed by the robbery victim was unduly suggestive (*see, People v Lawrence,* 233 AD2d 343; *People v Rosado,* 222 AD2d 617).

The challenged comments in the prosecutor's opening and closing statements did not constitute reversible error (*see, People v Galloway,* 54 NY2d 396; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837).

The defendant's remaining contention is unpreserved for appellate review (*see, People v Ellerbee,* 239 AD2d 430). Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.