[No. 17274-1-III.   Division Three.   December 28, 1999.]
THE STATE OF WASHINGTON, *Respondent*, v. VICTOR RUFUS SCHMECK, JR., *Appellant*.

*Kevin L. Holt,* for appellant.

*Andrew K. Miller, Prosecuting Attorney,* and *Terry J. Bloor, Deputy,* for respondent.

SCHULTHEIS, C.J. — Victor Schmeck, Jr., pleaded guilty to violation of a no-contact order. Citing Mr. Schmeck's ongoing pattern of domestic abuse, the trial judge sentenced him to a standard range incarceration but imposed an exceptional community supervision period that included ordered participation in drug and alcohol treatment and anger management programs. On appeal, he contends the trial court lacked authority to order participation in affirmative programs. We reverse in part.

Mr. Schmeck and his wife, Susan, were divorced in 1994. Soon after, Mr. Schmeck began threatening to kill himself and his ex-wife. In early 1995, Ms. Schmeck obtained a protection order. Over the next two years, she contacted the police with reports of threats or contact with her ex-husband in January, April, June and August 1995, June

1996 and October 1997. A violation of the protection order in June 1995 led to a conviction in December 1995. The seriousness of the threats increased after Ms. Schmeck began dating in February 1996.

On November 25, 1997, Mr. Schmeck called his ex-wife and told her she was a "dead woman . . . walking." She contacted police and he was charged with felony violation of an order of protection, RCW 10.99.050(2). In December 1997, he pleaded guilty and a presentence investigation was ordered.

At sentencing, Ms. Schmeck testified she was terrified by her ex-husband, requested a 10-year no-contact order, urged the maximum sentence and encouraged the court to order mandatory drug treatment and counseling. The sentencing investigator noted that Mr. Schmeck admitted to a drug problem but found no indication he committed the current offense under the influence of drugs or alcohol. The investigator recommended a sentence within the standard range of 0 to 12 months, with a standard one-year period of community supervision. Because ordered drug and alcohol treatment "is not permissible by law," continued the investigator, he felt that the jail time and 10 years of no contact would satisfy the need in this case better than additional community supervision.

The trial court found that the current offense was part of an ongoing pattern of psychological abuse manifested by multiple incidents over a prolonged period of time. It also found that the current offense manifested deliberate cruelty or intimidation of Ms. Schmeck. Although the trial court imposed only 90 days of incarceration and warned Mr. Schmeck he could not appeal that standard range portion of his sentence, it also imposed an exceptional community supervision period of 24 months. The court ordered Mr. Schmeck to successfully complete a drug and alcohol program and an anger management program during the period of community supervision. A 10-year no-contact period was also ordered. Mr. Schmeck appeals that portion of his sentence ordering him to complete affirmative rehabilitative programs.

Generally, a standard range sentence cannot include treatment requirements unless they are designated as crime-related prohibitions. *State v. Bernhard*, 108 Wn.2d 527, 537, 741 P.2d 1 (1987), *overruled in part on other grounds in State v. Shove*, 113 Wn.2d 83, 776 P.2d 132 (1989). Felony violation of a no-contact order, RCW 10.99.050, is an unranked crime without an established sentence range. Consequently, the trial court is limited to imposition of a determinate sentence that includes not more than one year of confinement and one year of community supervision. RCW 9.94A.120(7). "Community supervision" is defined as a period of time during which the offender is subject to crime-related prohibitions. Former RCW 9.94A.030(7) (1997). By "crime-related prohibition" the Legislature means "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted, and shall not be construed to mean orders directing an offender affirmatively to participate in rehabilitative programs or to otherwise perform affirmative conduct." Former RCW 9.94A.030(11) (1997).

A standard order of community supervision may include treatment programs for certain offenders, including first-time offenders under RCW 9.94A.120(5) and those who commit specific offenses outlined in RCW 9.94A.120(9). Because Mr. Schmeck is a repeat offender and did not commit one of the specific offenses of RCW 9.94A.120(9), the trial court was not authorized to include drug/alcohol and anger management treatments as conditions of a standard community supervision sentence. *Bernhard*, 108 Wn.2d at 531. The court was empowered, however, by RCW 9.94A-.120(2) to impose as an exceptional sentence community supervision conditions and duration not ordinarily permitted. *Id.* at 537-38.

In reviewing the trial court's exceptional sentence of community supervision here, we apply a clearly erroneous standard to determine whether the record supports the court's reasons. *Bernhard*, 108 Wn.2d at 543. Mr. Schmeck

does not challenge the court's findings, and they are verities on appeal. *State v. Stenson*, 132 Wn.2d 668, 697, 940 P.2d 1239 (1997), *cert. denied*, 523 U.S. 1008 (1998). Clearly the numerous police reports of threats and other violations of the protection order support the court's finding that Mr. Schmeck's current offense was one of many incidents over a prolonged period of time and showed a pattern of psychological abuse manifesting deliberate cruelty or intimidation. He does not challenge the trial court's conclusion that these factors support imposition of a sentence outside the standard range. Nor does he challenge the exceptional length of his period of community supervision. All he argues is that the court exceeded its authority by ordering participation in rehabilitative programs for drug/alcohol and anger management.

Once a trial court finds grounds for an exceptional sentence, it is not limited to imposing conditions that qualify as crime-related prohibitions under former RCW 9.94A.030(11) (1997). *State v. Guerin*, 63 Wn. App. 117, 120, 816 P.2d 1249 (1991) (citing *Bernhard*, 108 Wn.2d at 538, 540), *review denied*, 118 Wn.2d 1015 (1992). The circumstances of the crime charged will, however, define the nature of the conditions imposed. For instance, in *Bernhard*, 108 Wn.2d at 543-44, the Supreme Court held that the fact that Mr. Bernhard's addiction was the direct cause of the crime justified imposition of drug treatment as an exceptional sentence. *See also State v. Gaines*, 122 Wn.2d 502, 511, 859 P.2d 36 (1993). Recognizing that coerced rehabilitation is usually ineffective for repeat offenders, *Bernhard* nevertheless endorsed treatment of behavior directly related to the charged crimes. 108 Wn.2d at 543-44.

In the present case, the trial court did not find that Mr. Schmeck's current violation of the no-contact order was related to drug or alcohol use. On the contrary, the court made no finding at all regarding substance abuse. Because the order to complete a drug/alcohol treatment program is not directly related to the criminal behavior at issue, it is unsupported by the findings and must be reversed. Several

findings, however, indicated Mr. Schmeck had unresolved anger toward his ex-wife, manifested in repeated threats and aggressive actions. Treatment of that anger furthers the protection and personal self-improvement objectives of the Sentencing Reform Act of 1981. *See Guerin*, 63 Wn. App. at 120. Accordingly, the portion of the exceptional sentence ordering completion of an anger management program is justified by the findings and will stand.

Reversed in part.

SWEENEY and BROWN, JJ., concur.