[No. 19876-6-III.  Division Three.  April 23, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. CINDY CHERIE TARTER, *Appellant*.

*Robert R. Cossey* and *Melanie J. Caldwell*, for appellant.

*Steven J. Tucker, Prosecuting Attorney,* and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies,* for respondent.

SWEENEY, J. — A search warrant is supported by probable cause when it contains sufficient facts to persuade a reasonable person that criminal activity is probably occurring. *State v. Cole,* 128 Wn.2d 262, 286, 906 P.2d 925 (1995). Here, the owners and operators of a motel called police to report that Cindy Tarter was selling drugs from her motel room. She had paid cash for the room. Twenty calls came to the room in less than an hour. Numerous people came in and out of the room. And people from the room frequently crossed the street for brief encounters. She challenges a search warrant based on this information. The facts here lead to the reasonable and commonsense inference that Ms. Tarter was probably engaged in criminal activity. And so we affirm her conviction.

## FACTS

█ Cindy Tarter does not assign error to any of the trial court's factual findings. They are then verities on appeal. *State v. Schmeck,* 98 Wn. App. 647, 650-51, 990 P.2d 472 (1999). The trial court adopted the facts set forth in Deputy James Gladden's affidavit in support of the search warrant. And so do we.

John and Rita Santillanes own and operate a Spokane motel. Ms. Tarter rented a room. She paid cash.

There were supposed to be only two occupants. Motel staff saw at least four people staying in the room. Numer-

ous people came and went from the room. Twenty calls had come in for Ms. Tarter's room in the span of an hour. Mr. Santillanes saw people leave the motel room and go across the street to a Flying J truck stop to meet with other people. The Santillaneses called police and told them all of this.

Deputy Gladden ran a computer check on Ms. Tarter's car. The car belonged to her. And she had a local Spokane address. Ms. Tarter also had multiple arrests for controlled substances.

Deputy Gladden, armed with the above information, requested and received a telephonic search warrant for Ms. Tarter's motel room. He searched the room and found drugs.

Ms. Tarter moved to suppress the evidence obtained in the search. The court denied her motion. A jury subsequently convicted Ms. Tarter of possession of a controlled substance. Ms. Tarter appeals, arguing the court erred by denying her motion to suppress.

## DISCUSSION

CONTENTIONS

Ms. Tarter contends the information provided by the Santillaneses was insufficient to establish probable cause. She argues that the information provided by the Santillaneses was innocuous. And the independent corroboration by Deputy Gladden did nothing more than confirm that she owned a car in the parking lot and had been previously *arrested* for controlled substance violations.

STANDARD OF REVIEW

We begin with the well-established standard that a judge's determination that probable cause exists to issue a search warrant is entitled to "great deference." *Cole*, 128 Wn.2d at 286; *State v. Klinger*, 96 Wn. App. 619, 623-24, 980 P.2d 282 (1999). Our review is then for an abuse of discretion. *Cole*, 128 Wn.2d at 286; *Klinger*, 96 Wn. App. at 624.

AGUILAR-SPINELLI

■ The facts supporting the probable cause here come from an informant. So we apply the *Aguilar-Spinelli*[1] test. *State v. Salinas*, 119 Wn.2d 192, 199-200, 829 P.2d 1068 (1992); *State v. Jackson*, 102 Wn.2d 432, 443, 688 P.2d 136 (1984).

The *Aguilar-Spinelli* test requires (1) showing that the informant had a sufficient basis of knowledge, and (2) showing the informant's veracity. *State v. Duncan*, 81 Wn. App. 70, 76, 912 P.2d 1090 (1996). The State must satisfy both prongs "unless other police investigation corroborates the informant's tip." *Id.*; *Jackson*, 102 Wn.2d at 438.

■ Here, the *Aguilar-Spinelli* test is satisfied. The basis of the Santillaneses' knowledge is their own firsthand observations. And "passing on firsthand information satisfies the basis of knowledge prong." *Duncan*, 81 Wn. App. at 76.

■ The Santillaneses' veracity is also established. First, the State's burden is relaxed because the Santillaneses are named citizen informants. *State v. Ibarra*, 61 Wn. App. 695, 699, 812 P.2d 114 (1991); *State v. Northness*, 20 Wn. App. 551, 557-58, 582 P.2d 546 (1978). An informant's veracity is established when the informant provides firsthand details and is a named citizen. *Northness*, 20 Wn. App. at 558; *see State v. White*, 40 Wn. App. 490, 493, 699 P.2d 239 (1985). Here, the Santillaneses were named citizens and disclosed owners and operators of the motel. Their veracity was adequately established.

PROBABLE CAUSE

Ms. Tarter next claims that the information submitted by Deputy Gladden was insufficient to establish probable cause because all the facts concerned innocuous, lawful behavior.

■ "Probable cause exists when an affidavit supporting a search warrant sets forth facts sufficient for a reasonable person to conclude the defendant *probably* is involved in

---

[1] *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969); *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964).

criminal activity." *Cole*, 128 Wn.2d at 286 (emphasis added). Probable cause does not require "proof of criminal activity," but merely belief that criminal activity may have occurred. *State v. Patterson*, 83 Wn.2d 49, 52, 515 P.2d 496 (1973); *State v. Hansen*, 42 Wn. App. 755, 760, 714 P.2d 309, *aff'd*, 107 Wn.2d 331, 728 P.2d 593 (1986).

■■ We review an application for a search warrant in light of common sense, and all doubts are resolved in favor of the warrant's validity. *Cole*, 128 Wn.2d at 286; *State v. Young*, 123 Wn.2d 173, 195, 867 P.2d 593 (1994); *Klinger*, 96 Wn. App. at 623-24. Moreover, and most important here, facts that when viewed in isolation do not constitute probable cause may be viewed together and with other facts to establish probable cause. *Cole*, 128 Wn.2d at 286; *State v. Garcia*, 63 Wn. App. 868, 875, 824 P.2d 1220 (1992).

Here, Ms. Tarter lives in Spokane. But she checked into a Spokane motel and paid cash. Numerous people came to and went from her motel room. People left her room to meet with strangers across the street at a truck stop. And Ms. Tarter received 20 phone calls in the span of an hour. Deputy Gladden also determined that Ms. Tarter had multiple prior arrests for controlled substance violations.

The effect of prior arrests is not clear. Prior convictions, while not forming probable cause alone, may be used as one factor when determining whether probable cause is present. *State v. Clark*, 143 Wn.2d 731, 749, 24 P.3d 1006 (2001); *Duncan*, 81 Wn. App. at 78-79; *State v. Sterling*, 43 Wn. App. 846, 851, 719 P.2d 1357 (1986).

But we find no Washington case that allows prior arrests (rather than convictions) to be used when determining probable cause. Here, sufficient facts support probable cause independent of all the prior arrests. We need not pass on the propriety of using them. Other states have, however, permitted consideration of prior arrests for the same or similar crimes as a factor for probable cause. *See People v. Serrano*, 231 A.D.2d 748, 749, 647 N.Y.S.2d 546 (1996) ("The fact that the arresting officer had, on a prior occasion, apprehended the defendant on another charge is a factor

which properly relates to the existence of probable cause to arrest in this case . . . ."); *State v. Tokar*, 918 S.W.2d 753, 767 (Mo. 1996) (defendant had prior arrests for similar crimes).

██ Viewed individually, each fact would not be sufficient to establish probable cause. But the issuing judge is allowed to draw reasonable inferences from the facts and circumstances found in the affidavit. *Sterling*, 43 Wn. App. at 851-52. And when taken together, the facts support a judge's commonsense determination that probable cause existed to believe Ms. Tarter was involved in criminal activity in her motel room, particularly given the "great deference" accorded to the issuing judge. *Cole*, 128 Wn.2d at 286; *Klinger*, 96 Wn. App. at 623-24; *Garcia*, 63 Wn. App. at 875.

The warrant to search Ms. Tarter's motel room was supported by probable cause. The trial court did not then err by denying her motion to suppress. We affirm.

BROWN, C.J., and KATO, J., concur.